OPINION Colvin, Judge: This case is before the Court on respondent’s motion to dismiss for lack of jurisdiction and petitioner’s cross-motion to dismiss for lack of jurisdiction. The issue for decision is whether we have jurisdiction to determine whether respondent’s worker classification determination was correct. We hold that we have jurisdiction.[1] [1] Background The record establishes and/or the parties do not dispute the following. Petitioner was a California corporation with its principal office in Corona, California, when it filed the petition. A. Petitioner’s Business and Petitioner’s Workers During the tax periods in issue petitioner operated a business connecting cable lines (cable splicing) for corporate and residential customers. From 2005 through 2007 petitioner employed 117 to 145 workers whom it paid to perform cable splicing services. During the tax periods in issue petitioner treated its workers in dual capacities: as employees and as independent contractors, i.e., as lessors to petitioner of tools and vehicles they were required to provide in connection with providing services for petitioner. Petitioner reported taxable hourly wages for its workers on Forms W-2, Wage and Tax Statement. Petitioner also made payments to its workers for rental of tools and vehicles (equipment lease payments). Petitioner did not classify its workers as employees for purposes of equipment rental. Petitioner reported the equipment lease payments on Forms 1099-MISC, Miscellaneous Income, as nonemployee compensation for 2005 and as rent for 2006 and 2007. B. The IRS Examination and Appeals Process In 2008 respondent audited petitioner’s Forms 941, Employer’s Quarterly Federal Tax Return, for all tax periods in 2005, 2006, and 2007. On September 24, 2008, respondent sent petitioner an audit report (30-day letter) stating that the Examination Division had concluded that petitioner is liable for the following Federal Insurance Contributions Act and withholding tax increases (imposed under sections 3101, 3111, and 3402) and penalties as a result of respondent’s classification of the equipment lease payments to petitioner’s workers as wages: Tax period ending Proposed tax increase Proposed sec. 6656 penalty 3/31/05 $105,914 $1,975 6/30/05 104,557 1,907 9/30/05 104,287 1,893 12/31/05 104,117 1,885 3/31/06 90,903 1,682 6/30/06 90,615 1,668 9/30/06 90,590 1,666 12/31/06 90,206 1,647 3/31/07 109,987 2,051 6/30/07 109,960 2,050 9/30/07 108,140 1,959 12/31/07 106,480 1,876 Total 1,215,756 22,259 On the assumption that the equipment lease payments were properly classified as wages, the 30-day letter also said that those payments did not meet the requirements of section 62(c) for treatment as reimbursements under an accountable plan and therefore were subject to employment taxes. The 30-day letter said that the Examination Division had made a “final determination on this issue” but also said that “[t]hese changes to your employment taxes are not based on a worker classification determination.” On November 15, 2008, petitioner filed a protest with the Examination Division and requested a hearing with the Internal Revenue Service (IRS) Appeals Office. In the protest, petitioner contended that for the periods in issue: (1) the equipment lease payments were not properly classified as wages; (2) its workers were independent contractors with respect to both the amounts paid to them as wages and the equipment lease payments; (3) petitioner qualifies for relief under the Revenue Act of 1978, Pub. L. No. 95-600, sec. 530, 92 Stat. at 2885 (RA ’78 sec. 530), and sections 3402(d) and 3509; and (4) petitioner is not liable for any penalties. In January 2009 Appeals acknowledged receipt of the case. Petitioner’s representative met with an Appeals officer. Petitioner’s representative notified the Appeals officer that it was continuing to raise all of the issues stated in its protest. On November 9, 2009, Appeals returned the case to the Examination Division for further consideration because Appeals had concluded that “additional development by the Examination Division of the issue at hand is needed.” The case was returned to Appeals on March 15, 2010. An undated Appeals Case Memo states in part the following: Were the workers at issue independent contractors? No. Taxpayer’s argument that W-2 wages paid to the employees were erroneously classified as wages to common law employees does not have merit. There is no evidence to support taxpayer’s position that the workers were in business for themselves. * * * * * * Were the payments issued to the workers for tool and vehicle rentals issued to workers working under a dual capacity (common law employee and independent contractor)? No. Taxpayer’s argument is without merit. There is no evidence to support taxpayer’s argument that the workers worked under a dual capacity. There is no evidence showing that the taxpayer and the workers had a bona-fide rental contract. 4* Does the taxpayer qualify for relief under Section 530, 3509(a) or 3402(d)? No. Taxpayer has not been able to substantiate his position that the payments were issued to bona-fide independent contractors. By letter dated. April 15, 2011, Appeals informed petitioner that the employment tax liabilities would be assessed in the amounts determined. The April 15, 2011, letter states: Unfortunately, we were unable to reach an agreement on your case. The employment tax liability as determined by Appeals will be assessed and you will receive a Notice and Demand for payment of the tax, penalty, and interest owed. If you would like to challenge our determination in court, you may file a complaint in the United States District Court or the United States Court of Federal Claims. If you decide to do this, you must first pay, at a minimum, the employment tax assessment attributable to one employee for any one quarter and file a claim for refund of the tax. Once the claim for refund is denied or 6 months elapse without any action by the Service, you may initiate suit. The April 15, 2011, letter was not sent by certified or registered mail. Petitioner filed a petition in this Court on February 13, 2012. Respondent did not issue petitioner a Letter 3523, Notice of Determination of Worker Classification (NDWC), with respect to the tax periods in issue. On May 9, 2011, respondent sent petitioner a notice of adjustment assessing the above tax increases and penalties. Discussion The Tax Court may exercise jurisdiction only to the extent expressly provided by Congress. See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also Rule 13(a). However, we have the authority to determine whether we have jurisdiction over a particular case. Kluger v. Commissioner, 83 T.C. 309, 314 (1984). A. Positions of the Parties Both parties assert that this Court should dismiss this case for lack of jurisdiction because respondent did not issue an NDWC. Despite the superficial similarity of those motions, the parties have sharply contrasting views of the effect of dismissal. Respondent contends that dismissal would deprive this Court of jurisdiction over this case, leave the assessment in place, and allow the IRS to proceed with collection. In contrast, petitioner contends that the failure to issue an NDWC means the assessment is invalid and the IRS may not collect the disputed employment taxes unless and until an NDWC is sent. Under petitioner’s theory, issuance of an NDWC would trigger the right to file a petition and seek our determination under section 7436. Our jurisdiction is not expanded or contracted by the positions of the parties. Thus, it is not dispositive that both parties claim that we lack jurisdiction. See Charlotte’s Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102 (2003), aff’d, 425 F.3d 1203 (9th Cir. 2005). We will independently decide whether we have jurisdiction. B. Section 7436 Section 7436 governs proceedings in the Court for determining employment status. Section 7436(a) provides: SEC. 7436(a). Creation op Remedy. — If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that— (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or (2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual, upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. Any such redeter-mination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such. Generally, we have jurisdiction under section 7436(a) to determine: (1) whether an individual providing services to a principal is that principal’s employee for purposes of subtitle C; (2) whether the principal, if an employer, is entitled to relief under RA ’78 sec. 530; and (3) if the individual providing services is an employee, the proper amounts of employment taxes which relate to the Commissioner’s determination concerning worker classification. Sec. 7436(a). In deciding whether we have jurisdiction, we are mindful that “in response to the expressed intent of Congress to provide a convenient, prepayment hearing, this Court and the Courts of Appeals have given the jurisdictional provisions a broad, practical construction rather than a narrow, technical meaning.” Lewy v. Commissioner, 68 T.C. 779, 781 (1977) (fn. refs, omitted). Therefore, we should “adopt a construction which will permit the Court to retain jurisdiction without doing violence to the statutory language.” Smith v. Commissioner, 140 T.C. 48, 51 (2013). C. Whether the April 15, 2011, Letter Was a Determination The Commissioner’s “determination” of worker classification provides the predicate for our jurisdiction under section 7436(a). Respondent states that the April 15, 2011, letter is a Letter 4451, which the IRS uses as a closing letter in employment tax cases if worker classification and RA ’78 sec. 530 are not at issue. Both parties argue (though with sharply conflicting views of the effect of prevailing) that issuance of an NDWC is required to give this Court jurisdiction under section 7436. We disagree that we have jurisdiction under section 7436 only when the Commissioner has issued an NDWC. Section 7436(a) limits our jurisdiction to cases in which there has been (among other requirements) “a determination by the Secretary”. In other contexts, we have held that the absence of a document bearing a particular title or format does not mean that no determination has been made. See, e.g., Corbalis v. Commissioner, 142 T.C. 46, 57-58 (2014) (Letters 3477, even though stating they were not final determinations with respect to interest abatement, constituted final determinations for purposes of section 6404(h)); Gray v. Commissioner, 138 T.C. 295 (2012); Cooper v. Commissioner, 135 T.C. 70, 75 (2010) (a letter rejecting whistleblower claims was a determination for purposes of section 7623(b)(4)); Wilson v. Commissioner, 131 T.C. 47, 53 (2008); Craig v. Commissioner, 119 T.C. 252, 259 (2002) (a form decision letter issued after an “equivalent hearing” constituted a determination conferring jurisdiction under section 6330(d)(1)); Lunsford v. Commissioner, 117 T.C. 159, 164 (2001) (a written notice to proceed with a collection action constituted a determination under section 6330). Legislative history accompanying the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 1454(a), 111 Stat. at 1055, enacting section 7436 makes abundantly clear that the April 15, 2011, letter was a determination. Section 7436 originated in the House of Representatives. H.R. 2014, 105th Cong. (1997). In H.R. Rept. No. 105-148, at 639 (1997), 1997-4 C.B. (Vol. 1) 319, 961, the Explanation of Provision states, in pertinent part: The bill provides that, in connection with the audit of any person, if there is an actual controversy involving a determination by the IRS as part of an examination that (a) one or more individuals performing services for that person are employees of that person or (b) that person is not entitled to relief under section 530 of the Revenue Act of 1978, the Tax Court would have jurisdiction to determine whether the IRS is correct. For example, one way the IRS could make the required determination is through a mechanism similar to the employment tax early referral procedures. [20] [Emphasis added.] The Senate report includes the paragraph quoted above from the House report, and also states: “A failure to agree would also be considered a determination for this purpose.” S. Rept. No. 105-33, at 304 (1997), 1997-4 C.B. (Vol. 2) 1081, 1384 (emphasis added). That is exactly what happened here: The April 15, 2011, letter states that they “were unable to reach an agreement” in this case. (Emphasis added.) The conference agreement, H.R. Conf. Rept. No. 105-220, at 734 (1997), 1997-4 C.B. (Vol. 2) 1457, 2204, contains language essentially identical to that quoted above from the House report.[2] In summary, the 30-day letter prepared by the Examination Division and the Appeals Case Memo both explain in detail the disagreement with petitioner’s position. After saying that “unfortunately, we were unable to reach an agreement on your case”, the April 15, 2011, letter states that employment tax liabilities as “determined by Appeals” will be assessed. The House report made clear that determinations for purposes of section 7436 may be made in nontraditional ways. The Senate committee report states that “[a] failure to agree” would be considered a determination, a phrase that is indistinguishable from the words “we were unable to reach an agreement” in the April 15, 2011, letter. We conclude that respondent made a determination in this case.[3] Our analysis of section 7436 is buttressed by consideration of the twofold statute of limitations in section 6532(a)(1) for filing a refund suit. The provision given there is as follows, with bracketed [A] and [B] added by us to show the two distinct rules in the statute: SEC. 6532(a). Suits by Taxpayers for Refund.— (1) General rule. — No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun [A] before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor [B] after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates. [Emphasis added.] Rule [B] provides a hard-and-fast two-year deadline for filing suit that commences only with the certified mailing of a formal “notice”. But the six-month bar of rule [A] is subject to being lifted if the Secretary simply “renders a decision”. This provision of rule [A] does not require a “notice” (rather, a “decision”) and includes no provision as to certified mailing or any other formality. See Register Publ’g Co. v. United States, 189 F. Supp. 626 (D. Conn. 1960); Skopil v. United States, 56-2 U.S. Tax Cas. (CCH) para. 9841 (D. Or. 1956). Thus, a taxpayer who files a refund claim and one month later gets an informal “decision” by the IRS under section 6532(a)(1)[A] may file suit, even without receiving a formal notice of disallowance under section 6532(a)(l)[B]. The features of these rules are similar to the features of section 7436(a) and (b). Section 7436(b)(2) provides a hard- and-fast 90-day deadline for filing suit that commences only “if the Secretary sends by certified or registered mail notice * * * of a determination”; yet section 7436(a) permits the filing of suit simply upon the existence of “an actual controversy involving a determination” — without regard to certified mailing and without regard to any formal “notice”. Thus, a taxpayer who is the subject of a “determination” by the IRS under section 7436(a) can file suit without receiving a notice of determination under section 7436(b)(2). Finally, neither Charlotte’s Office Boutique v. Commissioner, 425 F.3d 1203, Neely v. Commissioner, 115 T.C. 287 (2000),[4] nor Henry Randolph Consulting v. Commissioner, 112 T.C. 1 (1999), establishes that an NDWC must be sent before we have jurisdiction to make a worker classification determination under section 7436. In none of those cases did the Court identify or decide the issue present here, i.e., whether we necessarily lack jurisdiction where no NDWC was sent. Therefore none of those opinions establishes whether we have jurisdiction where no NDWC was sent but a determination was otherwise made. [5] D. Whether the Determination Related to Matters Specified in Section 7436(a) Over Which We Have Jurisdiction Section 7436(a) provides our jurisdiction where, among other requirements, the Secretary has determined whether: (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or (2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual, upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. * * * The determination in this case dealt with worker classification disputes between petitioner and the Examination Division and the Appeals Office identified above, including whether petitioner’s workers can serve in a dual capacity; whether petitioner’s workers are employees with respect to any of the amounts paid to them as compensation; and whether petitioner qualifies for relief under RÁ ’78 sec. 530 and sections 3402 and 3509(a). We conclude that the dispute between the parties includes matters specified in section 7436(a) over which we have jurisdiction.[6] E. Whether the Determination Related to an Actual Controversy in Connection With an Audit and Was Part of an Examination Section 7436(a) provides in part that [i]f, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination * * * The essential facts relating to this point are: (1) during the tax periods at issue petitioner treated its workers dually as employees and as independent providers of rental equipment; (2) in the 30-day letter Ms. Buck, speaking for the Examination Division, rejected petitioner’s approach and treated petitioner’s workers as employees with respect to the equipment lease payments; (3) in the protest petitioner continued to assert the position the Examination Division had rejected in the 30-day letter and added contentions disputing that its workers were employees with respect to any of petitioner’s payments to them and claiming entitlement to relief under RA ’78 sec. 530 and sections 3402 and 3509(a); and (4) the case was subsequently considered by the Appeals Office and reconsidered by the Examination Division and the Appeals Office during which time petitioner continued to assert all of the positions included in the protest. On the basis of this series of events, we conclude that the determination related to an actual controversy in connection with an audit and was part of an examination as required by section 7436(a).[7] F. Whether the Petition Was Timely Section 7436(b)(2) imposes a 90-day limit on filing a petition where the Commissioner sends a notice of determination by certified or registered mail but otherwise imposes no specific time limit on filing a petition with this Court. Specifically, section 7436(b) provides: If the Secretary sends by certified or registered mail notice to the petitioner of a determination by the Secretary described in subsection (a), no proceeding may be initiated under this section with respect to such determination unless the pleading is filed before the 91st day after the date of such mailing. Petitioner filed its petition more than 90 days after receiving the April 15, 2011, letter; however, that letter was not sent by certified or registered mail. Therefore, the 90-day limitation does not apply in this case. The fact that section 7436 does not require filing a petition within 90 days after a determination is made (unless the notice is sent by certified or registered mail) contrasts with section 6212 relating to our deficiency jurisdiction. However, section 7436(b) closely resembles sections 7428, 7476(b)(5), 7477(b)(3), 7478(b)(3), and 7479(b)(3), which all address the time for bringing actions for declaratory judgments.[8] Sections 7428, 7476, 7478, and 7479 each create a judicial remedy even in the absence of a determination.[9] Section 7477, like section 7436, requires a “determination”.[10] All of these declaratory judgment provisions, like section 7436, have almost identical rules establishing the time for bringing an action, stating almost identically that if the Secretary sends a notice of a determination by registered or certified mail, then the taxpayer must commence his or her action in the Tax Court within 90 days of such mailing. The similarity of section 7436(b) to these other sections eliminates any impulse we might have had to read part of section 6212 into section 7436(b). Our discussion of section 6532(a)(1) supra part C also supports our analysis here. We conclude that the 90-day limitation does not apply in this case because no notice of determination was sent by certified or registered mail and thus the petition is timely.[11] G. Whether Section 7436(d)(1) Alters Our Holdings Stated Above Section 7436(d)(1) provides that the principles of several Code sections relating to “assessment and collection, etc.” apply to section 7436. Specifically, section 7436(d)(1) provides as follows: SEC. 7436(d). Special Rules.— (1) Restrictions on assessment and collection pending action, ETC. — The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under * * * [section 7436] in the same manner as if the Secretary’s determination described in subsection (a) were a notice of deficiency. Section 7436(d)(1) provides that these other sections shall apply in the same “manner as if the Secretary’s determination described in subsection (a) were a notice of deficiency.” (Emphasis added.) Importantly, it does not say “as if the notice described in subsection (a) were a notice of deficiency.” In other words, jurisdiction hinges upon the making of “a determination”, not necessarily the mailing of a notice. To consider the application of this paragraph to the present case, we will first identify two principles of section 6213(a).[12] The first principle of section 6213(a) is that a taxpayer has 90 (or 150) days after the notice of deficiency is mailed to file a petition. As stated supra part F, section 7436(b) imposes a 90-day limit on filing a petition where the Commissioner sends a notice by certified or registered mail but otherwise does not impose a 90-day limit. To treat section 7436(d)(1) as imposing the 90-day limit that appears in section 6213(a) on section 7436 would require two leaps of faith: first, that Congress enacted an express rule (section 7436(b)) and then rewrote that rule by saying “principles” of other sections apply; and second, that the words of the title to the paragraph, “Restrictions on Assessment and Collection Pending Action”, were not well chosen or were too narrowly phrased. We conclude that this principle of section 6213(a) does not cause this Court to lack jurisdiction where a petition is filed more than 90 days after a determination where the Commissioner did not exercise the right under section 7436(b)(2) to trigger a 90-day limitation period by sending the notice by certified or registered mail. The second principle of section 6213(a)[13] is that, if a petition is filed, the IRS may not assess tax resulting from a deficiency until the Tax Court case commenced by filing a petition with respect to that deficiency is final. To treat section 7436(d)(1) as imposing this restriction on assessment requires neither of the leaps of faith just stated: There is no contrary rule on assessment in section 7436 that would be rewritten on the basis of application of principles of another section; and the title to the paragraph, “Restrictions on assessment and collection pending action”, directly suggests that this second principle of section 6213(a) — i.e., if a petition is filed, the IRS may not assess tax determined to be owing as a result of a deficiency until the Tax Court case is final— applies to section 7436 because of section 7436(a)(1). In the context of section 7436, this appears to bar assessment and collection of employment tax determined to be owing after the filing of a Form 941. In none of the sections cross-referenced by section 7436(d)(1) is there any suggestion that a 90-day (or any other) time limit applies where a notice was not sent by certified or registered mail, nor that a determination may be made only through a notice of determination. Thus, we conclude that application by section 7436(d)(1) of “the principles of” several Code sections “relating to assessment and collection, etc.” to section 7436 does not limit our jurisdiction to cases in which the Commissioner sends a formal notice of determination (e.g., a Letter 3523), or imposition of the 90-day period where the Commissioner does not send a notice by certified or registered mail.[14] H. Conclusion We hold that we have jurisdiction over this case. Respondent’s motion and petitioner’s cross-motion will be denied. To reflect the foregoing, An appropriate order will be issued. Reviewed by the Court. Thornton, Halpern, Foley, Vasquez, Gale, Wherry, Kroupa, Holmes, Gustafson, Paris, Morrison, Buch, Lauber, and NEGA, JJ., agree with this opinion of the Court. Unless otherwise indicated, section references are to the Internal- Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar. See Announcement 96-13 and Announcement 97-52. The staff of the Joint Committee on Taxation stated in its General Explanation of Tax Legislation Enacted in 1997, at 428 (J. Comm. Print 1997) (Blue Book): “A failure to agree would also be considered a determination for this purpose, to the extent permitted under Tax Court rules.” (Emphasis added.) (None of the Committee reports cited in the text includes the italicized phrase.) The Supreme Court said in United States v. Woods, 571 U.S. _, _, 134 S. Ct. 557, 568 (2013), that “the Blue Book, like a law review article, may be relevant to the extent it is persuasive.” This Blue Book phrase does not alter our conclusion stated in the text. In arguing that we lack jurisdiction under sec. 7436, the dissenting opinion does not cite or discuss sec. 7436(a), which establishes our worker classification jurisdiction, or the legislative history underlying it, which expressly shows that we have jurisdiction under circumstances like those present here. Similarly, we do not consider Tree-Tech, Inc. v. Commissioner, T.C. Memo. 2011-162, slip op. at 14, a collection due process case in which' we cited Neely v. Commissioner, 115 T.C. 287 (2000), to have decided the issue now before the Court. We disregard the Commissioner’s statement in Notice 2002-5, 2002-1 C.B. 320, 321, that “[blecause the Notice of Determination constitutes the Service’s determination described in § 7436(a), * * * [it] is a jurisdictional prerequisite for seeking Tax Court review of * * * determinations regarding worker classification, §530 treatment, and the proper amount of employment tax under those determinations.” We owe no deference to what an administrative agency says about our jurisdictional bounds. See Fox Television Stations, Inc. v. FCC, 280 F.3d 1027, 1038-1039 (D.C. Cir. 2002). This is so even if an agency directly or indirectly interprets the bounds of our jurisdiction through the implementation of regulations construing a statute which it administers. See also Adams Fruit Co. v. Barrett, 494 U.S. 638, 650 (1990) (the delegation of power to an agency to administer a statute does not empower that agency to “regulate the scope of the judicial power vested by the statute”). The dissenting opinion argues that we lack jurisdiction because the IRS did not intend for us to have jurisdiction. See dissenting op. p. 246. The concurring opinion, which is joined by 11 of the Judges who voted yes, makes a similar point, see concurring op. pp. 241-242; and we note that it is the statute, not the IRS, that grants us jurisdiction. The dissenting opinion finds fault with what it calls “the majority’s dual use of the word ‘determination’ ” to refer both to the IRS decision concerning worker classification and to the April 15, 2011, letter. See dissenting op. pp. 244-245. There is no inconsistency in this usage. The IRS makes an internal determination concerning worker classification before it issues a letter that conveys the determination to the taxpayer. Because it is clear to us that the April 15, 2011, letter shows that a determination requisite to our jurisdiction was made, we need not decide whether, or when, the IRS made a determination for purposes of sec. 7436(a) before sending the April 15, 2011, letter. In Staffmore, LLC v. Commissioner, T.C. Memo. 2013-187, we concluded that the Court had no jurisdiction over a determination as to employment status because there was no IRS audit or examination. In this case, however, there was an audit. Secs. 7478(b)(3), 7477(b)(3), 7479(b)(3) all provide: “If the Secretary sends by certified or registered mail notice of his determination * * * , no proceeding may be initiated under this section unless the pleading is filed before the 91st day after the date of such mailing.” Sec. 7476(b)(5) is slightly different but materially the same. Secs. 7476(a) and 7478(a) both provide: “In a case of actual controversy involving — (1) a [particular] determination by the Secretary * * * , or (2) a failure by the Secretary to make a [particular] determination * * * , upon the filing of an appropriate pleading, the Tax Court may make a declaration” regarding the particular determination or lack thereof. Sec. 7476(a) is slightly different but materially the same. Sec. 7477(a) provides: “In case of an actual controversy involving a [particular] determination by the Secretary * * * , upon the filing of an appropriate pleading, the Tax Court may make a declaration” regarding the particular determination. Sec. 7436(a) is slightly different but materially the same. In keeping with its conclusion that the analysis of the opinion of the Court “simply do[es] not work”, see dissenting op. pp. 242-243, the dissenting opinion asks: “If the April 15, 2011, letter had been sent by certified mail, would it have triggered that deadline even though it did not purport to be a determination?”, see id. p. 243, and: “Would the undisclosed section 7436 determination the Court found here have allowed the IRS to assess after 90 days in the absence of a petition?”, see id. We are satisfied that the analysis herein does not cause the administrative problems posed in the dissenting opinion. In raising those questions, the dissenting opinion does not cite or discuss subsecs, (a) and (b) of sec. 7436. Subsec. (a) provides our jurisdiction simply if there has been a determination. But application of the 90-day rule is not triggered so easily; instead, under subsec. (b), the 90-day period applies only if the Secretary sends notice of the determination to the taxpayer (by certified or registered mail). The statute, properly interpreted, provides clear and logical answers to the questions posed by the dissenting opinion. First, if the IRS sends the taxpayer a letter by certified or registered mail including clear notice that the IRS has made a determination of worker classification, it triggers the jurisdictional period for filing a petition in our Court. Second, if the IRS does not send a letter by certified or registered mail including clear notice that the IRS has made a determination of worker classification, the IRS may not assess after 90 days absent a petition because sec. 7436(b) requires that the Secretary first “sendQ * * * notice” to the taxpayer. The first sentence of sec. 6213(a) provides as follows: SEC. 6213(a). Time for Filing Petition and Restriction on Assessment. — Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. The second sentence of sec. 6213(a) provides as follows: SEC. 6213(a). Time for Filing Petition and Restriction on Assessment.— * * * Except as otherwise provided in section 6851, 6852 or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * * Citing sec. 7436(d), the dissenting opinion states that “we should treat a worker classification determination as if it were a deficiency determination in an income tax case” because “Congress borrowed heavily from the statutes controlling income tax deficiency cases.” See dissenting op. pp. 242, 245. Following from that assumption, the dissenting opinion relies on cases applying deficiency procedures such as Lerer v. Commissioner, 52 T.C. 358 (1969). See dissenting op. pp. 245-246. However, the dissenting opinion overlooks two essential points: (1) the text of sec. 7436(a) and (b) differs from that in the statutes governing deficiency procedures and (2) in sec. 7436(d), Congress did not list sec. 6212 as one of the sections the principles of which are made applicable to sec. 7436. The omission of sec. 6212 from sec. 7436(d) is significant because sec. 6212 provides that if the Secretary determines a deficiency, he is authorized to “send” a “notice of deficiency” by certified or registered mail. The words “send” and “notice” in sec. 7436(b) do not appear in sec. 7436(a), which establishes our jurisdiction.