Goeke and Kerrigan, JJ., concurring: We continue to believe that SECC v. Commissioner, 142 T.C. 225 (2014), was incorrectly decided, and we find the citations of that Opinion in the opinion of the Court in this case to be misleading and unnecessary. However, the present matter does not involve a liability subject to assessment, which in itself distinguishes it from SECC. Our dissent in SECC rested on Congress’ instruction to treat determinations of worker classification like notices of deficiency. See id. at 242 (Goeke and Kerrigan, JJ., dissenting) (citing section 7436(d)(1)). On the basis of that instruction, we relied on our notice of deficiency jurisprudence to determine that the letter at issue was not a notice of determination of worker classification. Congress has not instructed us to treat whistleblower award determinations like notices of deficiency. We noted this in our SECC dissent in criticizing the Court’s reliance on whistleblower cases to bolster its Opinion. Id. at 246. Similarly, we think the opinion of the Court’s references to SECC here are misplaced. As the opinion of the Court notes, we have often found that generic letters concerning whistleblower awards trigger our jurisdiction under section 7623(b)(4). On the basis of our whistleblower jurisprudence only, we concur in the result here.