DIGU CORPORATION DELUXE CAB, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Digu Corp. Deluxe Cab v. Comm'r
Docket No. 121-15.
United States Tax Court
2015 U.S. Tax Ct. LEXIS 34; March 20, 2015, Decided
*34 For Respondent: Linda P. Azmon, Westbury, NY.
Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER
The petition in this case was filed on January 5, 2015. Petitioner seeks review of (1) a purported notice of deficiency dated September 30, 2014, allegedly issued to petitioner for taxable years or taxable periods 2011, 2012, and 2013, (2) a purported notice of determination concerning collection action dated September 30, 2014, allegedly issued with respect to petitioner's taxable years or taxable periods 2011, 2012, and 2013, and (3) a notice of determination concerning worker classification dated September 30, 2014, allegedly issued with respect to petitioner's taxable years or taxable periods 2011, 2012, and 2013. Petitioner in the petition states that "Period of audit was 2011-2012-2013." Petitioner also states that "Several individuals listed in the assessment notice never worked in 2011 and 2012, namely Stacy Vantassell and Stephanie Wilson." Petitioner also attached to the petition, among other things, a notice of determination of worker classification dated September 30, 2014, issued with respect to petitioner's taxable years or taxable periods 2011, 2012, and 2013.
On March *35 9, 2015, respondent filed a Motion To Dismiss for Lack of Jurisdiction as to Certain Allegations. Among other things, in his motion to dismiss as to certain allegations respondent asserts that: (1) no notice of deficiency was issued to petitioner for taxable years or taxable periods 2011, 2012, and 2013 that would confer jurisdiction upon the Court; (2) no notice of determination under I.R.C. section 6320 or 6330 was issued to petitioner for taxable years or taxable periods 2011, 2012, and 2013 that would confer jurisdiction upon the Court; and (3)(a) on September 3, 2014, respondent assessed additional employment taxes for taxable periods included in 2011, 2012, and 2013, and on October 6, 2014, assessed additional employment taxes for taxable years 2011, 2012, and 2013, (b) those September 3, 2014, and October 6, 2014, employment tax assessments did not stem from the reclassification by respondent of any workers as petitioner's employees, but stemmed from petitioner's failure to include all wages paid to petitioner's corporate officer on Forms 941, 940, and Form W-2 issued to the corporate officer during the taxable periods included in 2011 and 2013, and taxable years 2011 and 2013, as well as the failure *36 to include all wages paid to Stacy Vantassell and other workers who were treated as employees on Forms 941, 940, and Form W-2 issued to such workers during the taxable periods or taxable years at issue, and (c) those assessments of additional employment taxes does not confer jurisdiction upon the Court pursuant to I.R.C. section 7436.
Generally, four requirements must be satisfied before the Court has jurisdiction under I.R.C. section 7436(a). See American Airlines, Inc. v. Commissioner, 144 T.C. 24, 2015 U.S. Tax Ct. LEXIS 2 at *14 (2015); see also SECC Corp. v. Commissioner, 142 T.C. 225 (2014). There must be: (1) an examination in connection with the audit "of any person"; (2) a determination by the Secretary that "one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual"; (3) an "actual controversy" involving the determination as part of an examination; and (4) the filing of an appropriate pleading in the Tax Court. See I.R.C sec. 7436(a); see also American Airlines, Inc. v. Commissioner, 144 T.C. at 32, 2015 U.S. Tax Ct. LEXIS 2 at *13-*14.
Upon due consideration, it is
ORDERED that, on or before April 10, 2015, respondent shall file a First Supplement to his motion. In that Supplement respondent shall set forth and discuss fully respondent's position as to whether this Court *37 has jurisdiction to review the above-referenced additional assessments of employment taxes for the taxable periods or taxable years at issue in light of the opinions in American Airlines, Inc. v. Commissioner, supra, and SECC Corp. v. Commissioner, supra.
(Signed) Michael B. Thornton
Chief Judge
Dated: Washington, D.C.
March 20, 2015