ABU ALA MD BADRUDDOZA, Petitioner(s), v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Badruddoza v. Comm'r
Docket No. 1922-15.
United States Tax Court
2015 U.S. Tax Ct. LEXIS 49; June 17, 2015, Filed
*49 For Commissioner of Internal Revenue, Respondent: Han Huang, Washington, DC.
Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
Petitioner filed the petition in this case on January 21, 2015, seeking review of a purported notice of deficiency, notice of determination concerning collection action, notice of determination concerning worker classification, and notice of determination concerning petitioner's request for relief from joint and several liability issued for tax year 2011. Attached to the petition is a copy of an Internal Revenue Service (I.R.S.) notice CP501, which indicates petitioner has a balance due for tax year 2011.
On March 10, 2015, respondent filed a Motion to Dismiss for Lack of Jurisdiction. On May 6, 2015, respondent filed a First Supplement thereto. In his motion to dismiss, as supplemented, respondent contends that (1) no notice of deficiency or any other notice of determination was issued to petitioner for tax year 2011 that would confer jurisdiction on this Court; and (2) there is no record, information, or other evidence indicating that petitioner has submitted a request for innocent spouse relief for tax year 2011. *50 On March 20, 2015, petitioner filed a Notice of Objection to respondent's motion to dismiss. On May 29, 2015, petitioner filed a Letter and a second Notice of Objection to respondent's motion, as supplemented. Therein, petitioner did not attach any notice sufficient to confer jurisdiction upon this Court with respect to tax year 2011, nor did he dispute the jurisdictional allegations raised by respondent in the motion to dismiss.
This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). In a deficiency case, the jurisdiction of the Court depends on (1) the issuance by the Commissioner of a notice of deficiency, and (2) the filing of a petition within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). Rule 13(a), (c), Tax Court Rules of Practice and Procedure; Mulvania v. Commissioner, 81 T.C. 65, 67 (1983). No notice of deficiency as to tax year 2011 was attached to the petition, and respondent determined that no such notice has been sent to petitioner.
The Court's jurisdiction to review certain collection activity by the LR.S. under section 6320 and *51 6330 of the Internal Revenue Code (LR.C.) depends on the issuance of a valid notice of determination and the timely filing of a petition with this Court for review. Orum v. Commissioner, 123 T.C. 1 (2004), aff'd412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001). In the absence of a notice of determination under I.R.C. section 6320 or 6330, this Court lacks jurisdiction. No notice of determination concerning collection action as to tax year 2011 was attached to the petition, and respondent determined that no notice of determination under I.R.C. section 6320 or 6330, or any other notice of determination has been sent to petitioner.
Pursuant to I.R.C. section 6015(e)(1)(A)(i)(I) and (ii), an individual claiming relief from joint and several liability on a joint return may file a petition with the Tax Court within 90 days after the Secretary mails by certified or registered mail a notice to such individual of the Secretary's final determination of available relief. I.R.C. section 6015(e)(1)(A)(i)(II) provides that if no determination has been made by the Secretary and 6 months has expired from the date of the filing of a claim for relief, a petition may be filed with the Tax Court. Respondent states in his motion, as supplemented, that, on the basis of a diligent search of respondent's records, respondent has determined that (1) petitioner's filing status for tax year 2011 is "single"; (2) petitioner has not requested relief *52 from joint and several liability for tax year 2011; and (3) no notice under I.R.C. section 6015 was issued to petitioner for tax year 2011.
As to petitioner's challenge of a purported notice of determination concerning worker classification, the Court likewise has no jurisdiction. Generally, four requirements must be satisfied before the Court has jurisdiction under section 7436(a), I.R.C.See American Airlines, Inc, v. Commissioner, 144 T.C. 24, 32 (2015); see also SECC Corp. v. Commissioner, 142 T.C. 225 (2014). There must be: (1) an examination in connection with the audit "of any person"; (2) a determination by the Secretary that "one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual"; (3) an "actual controversy" involving the determination as part of an examination; and (4) the filing of an appropriate pleading in the Tax Court. Seesec. 7436(a), I.R.C.; seealso American Airlines, Inc, v. Commissioner, 144 T.C. at 32. Petitioner's petition does not raise a claim under section 7436(a), I.R.C.
Petitioner has not demonstrated that he received a notice of deficiency for tax year 2011, nor has he demonstrated that he has received any notice of determination for tax year 2011 that would confer jurisdiction upon this Court in this case. *53 See, e.g., Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc, v. Commissioner, 35 T.C. 177, 180 (1960); Nat'l Comm, to Secure Justice, Etc, v. Commissioner, 27 T.C. 837, 839 (1957). Accordingly, this case must be dismissed for lack of jurisdiction.
In view of the foregoing, it is
ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction, as supplemented, is granted, and this case is dismissed for lack of jurisdiction.
(Signed) Michael B. Thornton
Chief Judge
ENTERED: JUN 17 2015