T.C. Memo. 2016-62

UNITED STATES TAX COURT

B G PAINTING, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20518-15.                    Filed April 5, 2016.

Blas Gaytan (an officer), for petitioner.

Linda P. Azmon, for respondent.

MEMORANDUM OPINION

DAWSON, Judge: This case is before us on respondent's motion to dismiss

for lack of jurisdiction (motion to dismiss) on the following grounds: (1)

respondent did not mail to B G Painting, Inc. (petitioner), a notice of

determination regarding worker classification or make any other determination

[*2] sufficient to confer jurisdiction on this Court pursuant to section 7436[1] and (2) respondent did not conduct an "examination" in connection with an "audit" for petitioner. As explained herein, we agree with respondent and will grant his motion to dismiss.

## Background

The following undisputed facts are established by the pleadings and the exhibits attached thereto.

At the time the petition was filed, petitioner's principal place of business was in Bixby, Oklahoma. Petitioner is a painting contractor that engaged individuals to perform commercial and residential painting services. Blas Gaytan is petitioner's president. Petitioner issued Forms 1099-MISC, Miscellaneous Income, to each worker at yearend to report the moneys received as nonemployee compensation. Petitioner did not treat its workers as employees.

In January 2013 Guillermo Gaytan, one of petitioner's workers, filed a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, requesting a determination as to his employment status, for services performed from 2011 to 2013. By letter dated January 26,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

**[*3]** 2013, respondent acknowledged receipt of the Form SS-8 and requested that Guillermo provide additional forms and information relating thereto.

By Letter 3897, dated March 21, 2013, respondent notified petitioner's president, Blas, that Guillermo had submitted a Form SS-8. Respondent requested that Blas complete a Form SS-8 and furnish additional information. The letter further advised petitioner that a response to the letter was necessary within 30 days and that nonreceipt of a response would not preclude the Internal Revenue Service (IRS) from issuing an information letter on the matter. Finally, the letter advised petitioner: "If it is found that you owe employment taxes as a result of this determination, we may provide an information report to the IRS office having examination jurisdiction for your area."

By letter dated April 18, 2013, Blas advised respondent that Guillermo is his father and enclosed a completed Form SS-8, copies of 2008-12 Forms 1099-MISC for Guillermo, and a list of petitioner's workers and subcontractors for that period.

By Letter 4991 dated May 6, 2015, the IRS SS-8 Unit, in Holtsville, New York, notified Guillermo that having considered his Form SS-8, it determined that he is "an employee for federal employment tax purposes. Therefore, you must pay federal income tax and your share of Federal Insurance Contributions Act (FICA)

**[\*4]** tax (that is, social security and Medicare taxes) on the income you received for your services". By Letter 4991-A, dated May 6, 2015, the IRS SS-8 Unit notified petitioner of the determination that it is Guillermo's employer. In pertinent part the Letter 4991-A states as follows:

> This determination is binding on the Service, assuming there is no change in the facts or law that form the basis for the ruling. If you take a contrary position or disregard the ruling, you may be referred for audit. If you haven't filed employment tax returns, you may need to do so. If you filed employment tax returns, you may need to amend them.
>
> Employers generally must withhold income tax and Federal Insurance Contributions Act (FICA) tax (that is, social security and Medicare tax) from wages paid to their employees and pay these taxes to the government. Employers must also pay the employer share of FICA tax and Federal Unemployment Tax Act (FUTA) tax on the wages. To make any necessary adjustments to pay these taxes on past wages to your employees, including the use of special rates, please refer to Publication 15, (Circular E) Employer's Tax Guide and Publication 15-A, Employer's Supplemental Tax Guide. You can get these publications by calling 1-800-TAX-FORM (1-800-829-3676) or by visiting us online at www.irs.gov/formspubs.

Attached to both Letter 4991 and Letter 4991-A is Form 14430, SS-8 Determination Analysis, setting forth the specific factors used in determining that Guillermo was petitioner's employee.

On August 14, 2015, Blas filed a petition in this Court on petitioner's behalf seeking review of a purported notice of determination concerning worker

[*5] classification. Petitioner did not attach to its petition a notice of determination concerning worker classification or any other document.

Having diligently searched his records for the purported notice of determination concerning worker classification, respondent determined that no such notice was sent to petitioner. Accordingly, on September 29, 2015, respondent filed a motion to dismiss this case for lack of jurisdiction. On October 29, 2015, petitioner filed a notice of objection to the motion. On January 26, 2016, respondent filed a memorandum in support of the motion to dismiss. On February 29, 2016, petitioner filed a reply to the memorandum in support of respondent's motion to dismiss.

## Discussion

The Tax Court is a court of limited jurisdiction, Naftel v. Commissioner, 85 T.C. 527, 529 (1985), and may exercise jurisdiction only to the extent expressly provided by statute, Breman v. Commissioner, 66 T.C. 61, 66 (1976). The Court has jurisdiction to determine whether it has jurisdiction over a particular case. Kluger v. Commissioner, 83 T.C. 309, 314-315 (1984). Jurisdiction must be shown affirmatively and, as the party invoking our jurisdiction, petitioner has the burden of proving that we have jurisdiction of its case. See, e.g., David Dung Le,

**[*6]** M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).

Pursuant to section 7436, this Court is granted limited jurisdiction over cases involving employment status. Section 7436(a) provides:

> SEC. 7436(a). Creation of Remedy.--If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that --
>
> (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or
>
> (2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,
>
> upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

Section 7436(b)(1) further provides that a pleading may be filed only by the person for whom the services are performed.

In the motion to dismiss for lack of jurisdiction respondent bases his argument on three grounds: (1) respondent did not mail to petitioner a notice of determination concerning worker classification as authorized by section 7436 sufficient to form the basis for a petition to this Court and confer jurisdiction;

**[*7]** (2) respondent made no other determination with respect to petitioner's taxable periods 2008 through 2012 or taxable years 2008 through 2012 which would confer jurisdiction on this Court pursuant to section 7436; and (3) respondent did not make an examination in connection with an audit with respect to petitioner's taxable periods 2008 through 2012 or taxable years 2008 through 2012 which would confer jurisdiction on this Court under section 7436.

On the other hand, petitioner contends that this Court has jurisdiction by virtue of the alleged notice of determination concerning worker classification.

Section 7436(a) confers jurisdiction on this Court only with regard to determinations that are made by the IRS in connection with an audit of a taxpayer. Other IRS determinations of employment status that are not made as part of a taxpayer audit, including those made in the context of private letter rulings or Forms SS-8, are not subject to review by this Court under section 7436(a). See, e.g., Staffmore, LLC v. Commissioner, T.C. Memo. 2013-187 (holding that the Court had no jurisdiction over a determination as to employment status because there was no IRS audit or examination).

Petitioner has not shown that the May 6, 2015, Letter 4991 constitutes a notice of determination concerning worker classification or any other determination that would confer jurisdiction on this Court in this case. Rather,

**[*8]** that letter is a Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, which was issued in response to Guillermo's filing of a Form SS-8. It was not a notice that confers jurisdiction on this Court under section 7436(a).

Further, in Am. Airlines, Inc. v. Commissioner, 144 T.C. 24, 32 (2015), we enunciated four requirements that must be satisfied for this Court to have jurisdiction under section 7436(a). There must be: (1) an examination in connection with the audit "of any person"; (2) a determination by the Secretary that one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or "such person is not entitled to the treatment under section (a) of section 530 of the Revenue Act of 1978 with respect to such an individual"; (3) an "actual controversy" involving the determination as part of an examination; and (4) the filing of an appropriate pleading in the Tax Court. See also SECC Corp. v. Commissioner, 142 T.C. 225, 231-238 (2014). In its February 29, 2016, reply to the memorandum in support of respondent's motion to dismiss, petitioner argues that Am. Airlines was "erroneously" decided and "flawed". We disagree.[2]

---

[2]The IRS has historically required a notice of determination of worker classification as a prerequisite for Tax Court jurisdiction under sec. 7436. Chief

(continued...)

**[\*9]** Clearly, under the first prong of <u>Am. Airlines</u>, the Commissioner must make an examination in connection with an audit. Neither the Internal Revenue Code nor the regulations expressly define "examination" or "audit" for section 7436 purposes.[3] However, this Court has specifically held that IRS review of information provided in a Form SS-8 submission is not considered an "audit" or "examination". <u>Staffmore, LLC v. Commissioner</u>, T.C. Memo. 2013-187; <u>see also</u> <u>SECC v. Commissioner</u>, 142 T.C. at 236 n.7.

We note that although <u>Staffmore</u> is the only case explicitly discussing the meaning of "examination" and "audit" in connection with section 7436, this Court has uniformly found that voluntary participation in connection with tax administration by a taxpayer, even if the taxpayer produces books and records for

---

[2](...continued)
Counsel Notice CC-2016-002 (Dec. 17, 2015), pronounced a change in this litigation position for worker classification cases. The IRS is no longer arguing that a notice of determination of worker classification is a necessary prerequisite to Tax Court jurisdiction when the jurisdictional requirements set forth in two recent Tax Court cases, <u>Am. Airlines, Inc. v. Commissioner</u>, 144 T.C. 24 (2015), and <u>SECC v. Commissioner</u>, 142 T.C. 225 (2014), are met.

　　　Pursuant to this Court's January 12, 2016, order, respondent filed a memorandum on January 26, 2016, articulating that Chief Counsel Notice CC-2016-002 does not affect respondent's position in this case.

[3]Sec. 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant" for the purpose of ascertaining the correctness of any return.

**[*10]** review by the IRS, does not constitute an "examination" or an "audit". <u>See, e.g.</u>, <u>Ballantine v. Commissioner</u>, 74 T.C. 516, 524 (1980) (where the Commissioner conducts a second inspection of a taxpayer's books and records without first notifying the taxpayer that an additional inspection is necessary, section 7605(b)[4] is violated); <u>Seiffert v. Commissioner</u>, T.C. Memo. 2014-4.

In sum, the Form SS-8 process does not constitute an "audit" or "examination", but rather arises when a firm or worker voluntarily provides information to obtain a determination regarding the employment status of a worker. After considering the information voluntarily provided by the parties, the IRS provides a ruling to the taxpayer and related parties. The process exists so that taxpayers can come into compliance with their employment tax obligation, but specific tax liabilities are not determined and tax assessments are not made. The Form SS-8 process is an entirely voluntary compliance initiative, and a Form SS-8 determination does not involve an "examination" in connection with an "audit" relating to any person, as clearly required in the Court's <u>Am. Airlines</u> Opinion.

---

[4]Sec. 7605(b) provides that a taxpayer shall not be subjected to "unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

**[*11]** We hold that because the Form SS-8 determination underlying the petition in this case was not issued as part of petitioner's examination under audit, this Court does not have jurisdiction pursuant to section 7436. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.