# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2134

_____

Martin S. Azarian, P.A.

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from The United States Tax Court

_____

Submitted: May 15, 2018
Filed: July 27, 2018

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Martin S. Azarian, P.A., petitioned the Tax Court[1] for relief from a determination that it owed additional employment tax. The Tax Court dismissed for

_____

[1]The Honorable Joseph W. Nega, United States Tax Court Judge.

lack of jurisdiction. The taxpayer appeals. Having jurisdiction under section 7482(a)(1),[2] this court affirms.

Attorney Martin S. Azarian is the sole owner and officer of the taxpayer, an S corporation. Each year from 2012 through 2014, Azarian performed services for the taxpayer, which paid him about $32,500 to $40,000 as wages subject to Federal Insurance Contributions Act (FICA) tax. *See* **§§ 3101(a)-(b)**, **3111(a)-(b)**. The taxpayer also paid him some larger amounts, which it reported as dividends.

The Commissioner of Internal Revenue performed an employment tax examination of the taxpayer for the years 2012 through 2014. Examining the taxpayer's nature and condition, Azarian's role in operations, and similar firms' compensation, the Commissioner concluded that "reasonable compensation" for Azarian's services was $125,000 yearly—meaning some of the dividends were, in substance, wages. In the end, the taxpayer owed $38,808 more in FICA tax and $7,762 in penalties. The Commissioner sent the taxpayer a "Summary of Employment Tax Examination" and an "Employment Tax Examination Changes Report" for each year.

The taxpayer petitioned the Tax Court, arguing that Azarian's reported wages were reasonable compensation (or, at least, that reasonable compensation was less than $125,000). The Commissioner moved to dismiss for lack of jurisdiction. The Tax Court agreed. This court reviews de novo the Tax Court's "determination regarding its jurisdiction." ***Bartman v. Commissioner***, 446 F.3d 785, 787 (8th Cir. 2006).

The taxpayer argues the Tax Court has jurisdiction under section 7436(a)(1). That section grants jurisdiction if "there is an actual controversy involving a

---

[2]All statutory citations are to 26 U.S.C.

determination by the Secretary as part of an examination that . . . one or more individuals performing services . . . are employees . . . for purposes of subtitle C . . .." **§ 7436(a)(1)**. Subtitle C governs FICA employment taxes. *See* **§§ 3101-28**. The question here is whether there is an actual controversy involving a determination that Azarian is an employee for FICA purposes.

The taxpayer believes there is an actual controversy whether some payments were wages. But even assuming there is an actual controversy, it does not involve a determination that Azarian is an employee for FICA purposes. An "employee" for FICA purposes is, as relevant here, an "officer of a corporation" or an employee under "common law rules." **§ 3121(d)(1)-(2)**. By reporting wages to him each year, the taxpayer claimed he is an employee, so the Commissioner did not make a determination on the issue. Instead, the Commissioner relied on the taxpayer's classification of Azarian as an employee.

Emphasizing Azarian's dual role as employee and owner, the taxpayer says that the Commissioner's determination that some of the payments were wages, not dividends, was a determination that—as to those payments—Azarian is an employee, not an owner. But whether a payment is wages does not turn solely on the recipient's status as employee. "Wages," ignoring irrelevant exceptions, "means all remuneration for employment," which generally includes "any service . . . performed . . . by an employee . . . ." **§ 3121(a)-(b)**. The question is not only whether the recipient is an employee, but also whether the payment is remuneration for services. Here, the only issue the Commissioner examined is the amount of remuneration for Azarian's services. *Cf.* ***David E. Watson, P.C. v. United States***, 668 F.3d 1008, 1017-18 (8th Cir. 2012) (in a "reasonable compensation" dispute, the question is "whether the payments at issue were made as remuneration for services performed"). Thus, the only determination was that some of the payments reported as dividends are remuneration for his services. This determination does not give the Tax Court jurisdiction.

-3-

The taxpayer relies on *Charlotte's Office Boutique, Inc. v. Commissioner*, 121 T.C. 89 (2003), *aff'd* 425 F.3d 1203 (9th Cir. 2005). There, the employer reported both wages and royalties to an owner. *Id.* at 95. The Tax Court held it had jurisdiction to determine whether some of the royalties were, in substance, wages. *Id.* at 104. But the Tax Court relied on the fact that the Commissioner's "Notice of Determination Concerning Worker Classification Under Section 7436" listed determinations that the owner and "Other Workers" "are to be legally classified as employees for purposes of federal employment taxes under subtitle C . . . ." *Id.* at 98, 103. The Tax Court said these "determination[s] of worker classification . . . provide[] the predicate for our jurisdiction under section 7436(a)," and that jurisdiction was not lost when the Commissioner later conceded some of its determinations after the petition was filed. *Id.* at 103. The Ninth Circuit agreed that jurisdiction was "properly invoked" initially and that the Tax Court did not later lose jurisdiction. *Charlotte's Office*, 425 F.3d at 1208. The holdings of the Tax Court and the Ninth Circuit do not apply here, where the Commissioner never made a determination (in a formal notice or otherwise) about the classification of any worker.

The taxpayer also discusses a Tax Court case. In that case, an employer classified individuals as both employees and independent contractors, reporting wages and non-wage payments. *SECC Corp. v. Commissioner*, 142 T.C. 225, 227 (2014). The Commissioner concluded that some non-wage payments were wages and notified the employer in a letter. *Id.* 228-29. The Tax Court held that the letter, although not formally a "Notice of Determination of Worker Classification," was a determination. *Id.* at 233. The Tax Court found jurisdiction. *Id.* at 241. But there, the determination "dealt with worker classification disputes . . . including whether workers can serve in a dual capacity[ and] whether . . . workers are employees." *Id.* at 235. Here, no determination concerned worker classification disputes.

Finally, the taxpayer argues that ruling for the Commissioner leads to "absurd results." First, the taxpayer asserts that if it had reported no wages—arguably less

FICA compliant—there would be jurisdiction, but because it reported some wages, there is no jurisdiction. According to the taxpayer, this punishes partial compliance. But section 7436(a)(1) grants jurisdiction based on the type of controversy, not the relative level of compliance. If the taxpayer had never claimed Azarian as an employee, the Commissioner would have determined he was, and the right type of controversy could exist—one involving a determination of Azarian's status as an employee. Second, the taxpayer asserts that even if it had reported just one dollar of yearly wages, there would be no jurisdiction, and it is absurd that such a small amount can determine jurisdiction. But by reporting wages in any amount, the taxpayer claimed Azarian as an employee.

The Tax Court correctly dismissed for lack of jurisdiction.

*******

The judgment is affirmed.

_____