T.C. Memo. 2021-143

UNITED STATES TAX COURT

WHISTLEBLOWER 15977-18W, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15977-18W.                    Filed December 29, 2021.

[Sealed].

<u>Sarah A. Herson</u> and <u>Mark A. Nelson</u>, for respondent.

MEMORANDUM OPINION

GUY, <u>Special Trial Judge</u>:  Petitioner initiated this whistleblower action

under section 7623(b)(4) seeking review of a determination by the Internal

Revenue Service (IRS) Whistleblower Office (WBO) rejecting petitioner's claim

for an award.  Unless otherwise indicated, all section references are to the Internal

**[\*2]** Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pending before the Court are: (1) respondent's motion for summary judgment, with a supporting declaration submitted by Keith Dehart, a manager in the WBO Initial Claims Evaluation Unit (ICE), (2) petitioner's motion to remand, including a request for the opportunity to perfect the claim, with a supporting declaration, and (3) respondent's motion for leave to file amendment to answer to petition, as amended (sometimes motion for leave).

Petitioner filed a response in opposition to respondent's motion for summary judgment, with a declaration, followed by a supplemental response and supplemental declaration. Petitioner likewise filed an objection to respondent's motion for leave, with a declaration. Respondent filed a reply to petitioner's response to respondent's motion for summary judgment and a response in opposition to petitioner's motion to remand.

As explained in detail below, we will deny petitioner's motion to remand, deny respondent's motion for leave, and grant respondent's motion for summary judgment.

[*3]                                    Background

The administrative record, as certified by respondent, comprises petitioner's

Form 211, Application for Award for Original Information, narrative statements

and exhibits petitioner submitted in support of the claim, and four documents the

WBO generated in connection with the evaluation and rejection of petitioner's

claim:  (1) a letter acknowledging receipt of petitioner's Form 211, (2) a claim

action listing transcript, (3) an award recommendation memorandum (ARM)

prepared by a classification researcher, and (4) a final ARM prepared by a tax

examining technician.

I.      Petitioner's Form 211

In early September 2017 the WBO received petitioner's Form 211, which

was signed and dated July 29, 2017.  Petitioner provided information to the WBO

attempting to show that a certain individual (target) was a dual citizen of the

United States and Country X and was subject to, but failed to pay, substantial

amounts of various Federal taxes.  In support of that claim petitioner provided a

copy of the target's birth certificate showing that the target was born in the United

States, information about the target's parents' activities in the United States at the

time of the target's birth, details about how the target rose to a position of

prominence and influence in Country X, and information about the target's various

**[*4]** assets and family wealth.  In the space on Form 211 reserved for the target's

Social Security number, petitioner entered "N/A Foreign National".

Petitioner could find no public record that the target ever exercised any of

the fundamental rights or privileges of a U.S. citizen, including obtaining a Social

Security number or a passport.  Petitioner also emphasized that there was no public

record that the target ever renounced U.S. citizenship.  With these points in mind,

petitioner opined that the target may not have been aware of the target's status as a

U.S. citizen, and if so, petitioner suggested that the target could not have

knowingly surrendered U.S. nationality under any of the provisions related to

expatriating acts set forth in 8 U.S.C. sec. 1481 (2018).[1]

II.    WBO Administrative Action

A. Acknowledgement Letter

After receiving petitioner's Form 211, the WBO sent an acknowledgment

letter to petitioner assigning WBO claim No. 2018-000013 to the claim.

---

[1]Although petitioner seems to treat the terms "national of the United States" and "citizen of the United States" as interchangeable, one may be a national though not a citizen.  See 8 U.S.C. sec. 1101(a)(22) (2018).  We note here that the distinction makes no meaningful difference in this case.

**[*5]**  B. <u>Transcript</u>

The WBO maintained a transcript that provides a chronological list of the actions taken by various WBO personnel in respect of petitioner's claim, including comments related to those actions.

On October 2, 2017, Julie Skidmore, a tax examining technician, made the following transcript entries:  "UNABLE TO LOCATE TP'S SSN.  Could not research WB for employee-Foreign citizen", "Sent to Classifier", and "3210 was done for this.  Large claim."

On October 4, 2017, Bret Thurman made the following transcript entry:  "1st Read:  Forward to Classification".  Mr. Thurman is not identified in the record, but he apparently served as a classifier and was charged with determining whether petitioner's information warranted further review.  <u>See</u> Internal Revenue Manual (IRM) pt. 25.2.2.4.2 (Aug. 7, 2015).

On October 11, 2017, Scott Martin, a classifier assigned to the Small Business/Self Employed Operating Division (SB/SE), made the following transcript entries:  "Classifier:  Allegations meet 7623(a) criteria", "Classifier:  Claim Rejected", and "Reject the Claim:  Allegations are not specific, credible or are speculative -- Allegations are not credible."

**[\*6]**  On October 17, 2017, Ashlee Brown, a tax examining technician, made the following transcript entries:  "Award Recommendation Memo" and "Streamlined approval under Delegation Order, dated July 14, 2016".

C. ARM/Classification

The record includes an ARM dated October 11, 2017, which characterized petitioner's claim as arising under "IRC 7623(a)/(b)".[2]  The ARM stated that the "[a]lleged amount in dispute is not greater than $2,000,000", summarized the whistleblower's allegations, and recommended that the claim be rejected as follows:  "Reject the Claim:  Allegations are not specific, credible, or are speculative -- Allegations are not credible".  The ARM included a section captioned "Basis for the Recommendation" which stated:

> [Target's name] -- UNKNOWN
>
> - Failure to identify person(s) believed to have failed to comply with the Internal revenue laws.
> - Form 211 documents are trying to show citizenship of the TP and that taxes should have been paid in the United States.
> - WB did not provide bank statements, financial records, or source documents that would allow the Service to determine amounts, tax years, where business income was allocated, (related entities?), nature or validity of the allegation, etc.

---

[2]Although the ARM does not indicate who prepared it, the timing and substance of Mr. Martin's transcript entries outlined above lead us to conclude that he prepared it.

[*7]
- No specific and credible information about a federal tax issue or non-compliance. Rejecting the claim per IRM 25.2.2.4.1 for failing to include specific and credible information to support a potential tax violation/allegation as well as documentation to support the claim[.]

D. ARM/Tax Examining Technician

Ms. Brown subsequently prepared an ARM for submission to Kathy Wolsey, an ICE manager. The ARM recommended that petitioner's claim be rejected and included a summary recommendation stating: "Recommendation for rejection by Classification. Approval to issue the rejection letter authorized under Delegation Order, dated July 14, 2016." The section of the ARM captioned "Basis for the Recommendation" included the same statements that Mr. Martin had entered in his version of the ARM (quoted above).

E. Final Decision Letter

The WBO issued a letter to petitioner dated October 16, 2017, titled "FINAL DECISION UNDER SECTION 7623(a)", which states in relevant part: "The Whistleblower Office has made a final decision to reject your claim for an award. The claim has been rejected because the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws."

**[*8]** III.     Pleadings

Petitioner filed a petition with the Court on August 16, 2018.[3]  The Court subsequently granted petitioner leave to amend the petition in August 2020. Respondent did not raise an affirmative defense in either the answer to the petition or the answer to the petition, as amended.

After the pleadings were closed, respondent filed the motion for summary judgment pending before the Court.  More recently, respondent filed the previously mentioned motion for leave.

## Discussion

I.     Jurisdiction

Section 7623(a) authorizes the Secretary to pay discretionary whistleblower awards from collected proceeds.  In contrast, section 7623(b) makes whistleblower

---

[3]Petitioner resided outside of the United States when the petition was filed. In Myers v. Commissioner, 928 F.3d 1025, 1036-1037 (D.C. Cir. 2019), rev'g and remanding 148 T.C. 438 (2017), the Court of Appeals for the D.C. Circuit held that the 30-day period for filing a petition to initiate a whistleblower action is subject to equitable tolling.  The D.C. Circuit is the appellate venue for this case.  See sec. 7482(b)(1) (penultimate sentence).  We thus follow its precedent.  See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). Consistently with Myers, we hold that we have jurisdiction to consider this case. And since neither party has questioned the filing of the petition after the 30-day period or addressed the subject of equitable tolling, we will proceed to consider the pending motions.

**[\*9]** awards mandatory if certain statutory requirements are met. See Van Bemmelen v. Commissioner, 155 T.C. 64, 71 (2020). Section 7623(b)(4) vests the Court with jurisdiction to review "[a]ny determination regarding an award under paragraph (1), (2), or (3)" of subsection (b), including rejections and denials of claims for awards. See Lacey v. Commissioner, 153 T.C. 146, 163-164 (2019).

Although the determination letter in this case is titled "FINAL DECISION UNDER SECTION 7623(a)", the classifier who evaluated petitioner's information characterized petitioner's claim as arising under "IRC 7623(a)/(b)". In the absence of any argument from either party to the contrary, we conclude that petitioner properly invoked the Court's jurisdiction under section 7623(b). See, e.g., Lacey v. Commissioner, 153 T.C. at 163-164; Lippolis v. Commissioner, 143 T.C. 393, 396 n.2 (2014).

We note that the final decision at issue in this case uses the ambiguous "and/or" formulation that often makes it difficult to discern the WBO's reasoning. See Lacey v. Commissioner, 153 T.C. at 170; Alber v. Commissioner, T.C. Memo. 2020-20, at \*8 n.5. In this case, however, the classifier explicitly premised his rejection recommendation on several bases, among them the conclusion that petitioner provided "[n]o specific and credible information about a federal tax issue or non-compliance." The WBO tax examining technician adopted

[*10] the same text in the ARM, and it likewise appears in the WBO's final decision. Consequently, we will review the WBO's rejection of petitioner's claim under that rationale.

## II. Standard and Scope of Review

In reviewing a determination of the WBO, we generally limit our review to the administrative record and we leave the WBO administrative determination undisturbed unless the determination is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See Van Bemmelen v. Commissioner, 155 T.C. at 72, 79. We do not substitute our judgment for that of the WBO, but instead simply ensure that the determination remains within the bounds of reasoned decision making. Id. at 72. We cannot compel the IRS to commence an audit or to provide an explanation of its decision not to commence an audit. See Cohen v. Commissioner, 139 T.C. 299, 302-303 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014).

## III. Petitioner's Motion To Remand

In connection with petitioner's opposition to respondent's motion for summary judgment, petitioner filed a motion to remand, with a supporting declaration. Petitioner contends that the Court should remand the matter because the WBO failed to properly develop the administrative record and the WBO

**[*11]** determination does not rise to the level of reasoned decision making. Petitioner further asserts that, if the matter is remanded to the WBO, petitioner should be given the opportunity to perfect the claim.

Respondent filed a response in opposition to petitioner's motion to remand. Respondent contends that the administrative record supports the WBO's final decision and there is no need to remand the matter for further development. We agree with respondent.

In Whistleblower 769-16W v. Commissioner, 152 T.C. 172, 181-182 (2019), we held that in appropriate circumstances the Court may remand a whistleblower case to the WBO for further consideration. The Supreme Court has observed that remand may be appropriate if the administrative record does not support the agency action, if the agency failed to consider all relevant factors, or if the reviewing court cannot evaluate the challenged agency action on the basis of the record presented. See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

As discussed in detail below, the administrative record is sufficiently developed and adequately supports the WBO's determination to reject petitioner's claim for an award. Consistent with our holding that respondent is entitled to judgment as a matter of law, we will deny petitioner's motion to remand.

[*12] Petitioner's request to be permitted to perfect the claim is likewise misplaced. Section 301.7623-1(c)(4), Proced. & Admin. Regs., provides in relevant part that, if the whistleblower does not provide specific and credible information, the WBO has the discretion to reject the claim or inform the whistleblower of any deficiencies and provide the whistleblower an opportunity to perfect the claim for award. The regulation goes on to state that, if the WBO rejects the whistleblower's claim for lack of specific and credible information, as was the case here, the whistleblower may perfect and resubmit the claim. Id.; see Rogers v. Commissioner, 157 T.C. 20, 29-30 (2021); Lacey v. Commissioner, 153 T.C. at 161 n.15. Under the circumstances, petitioner may elect to perfect and resubmit the claim to the WBO, but the WBO is not obliged to permit petitioner to do so within the context of this action.

IV.     Respondent's Motion for Leave

Respondent recently filed a motion for leave to file an amendment to answer to the petition, as amended, and lodged an amendment to answer with the Court. Respondent maintains that he should be granted leave to file an amendment to answer to raise an affirmative defense related to the monetary thresholds set forth in section 7623(b)(5). Petitioner objects to respondent's motion for leave.

**[*13]** Because we conclude below that respondent is entitled to judgment as a matter of law, we will deny respondent's motion for leave as moot.

V.      Respondent's Motion for Summary Judgment

Respondent contends that the administrative record supports the WBO determination to reject petitioner's claim and that respondent is entitled to judgment as a matter of law.  Petitioner opposes respondent's motion and maintains that the WBO determination represents an abuse of process, is based on a clearly erroneous assessment of the facts, is not within the bounds of reasoned decision making, and is not adequately explained.

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials."  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment with respect to all or any part of the legal issues in controversy if the record shows that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(a) and (b); Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985).  This summary judgment standard "is not generally apt" when reviewing whistleblower award determinations, however, because we "confine ourselves to the administrative record to decide whether there has been an abuse of discretion."  Van Bemmelen v. Commissioner, 155 T.C. at 78.  In a so-called record rule whistleblower case,

[*14] "summary judgment serves as a mechanism for deciding, as a matter of law, whether the * * * [WBO's] action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. at 79.

In accordance with section 7623 and the regulations thereunder, the WBO performs an initial evaluation of a whistleblower's submission to determine whether the claim, on its face, meets certain minimum standards. See Van Bemmelen v. Commissioner, 155 T.C. at 80-81. In this regard section 301.7623-1(c)(1), Proced. & Admin. Regs., provides in relevant part:

> (c) Submission of information and claims for award.
> (1) Submitting information. To be eligible to receive an award under section 7623 and §§ 301.7623-1 through 301.7623-4, a whistleblower must submit to the IRS specific and credible information that the whistleblower believes will lead to collected proceeds from one or more persons whom the whistleblower believes have failed to comply with the internal revenue laws. In general, a whistleblower's submission should identify the person(s) believed to have failed to comply with the internal revenue laws and should provide substantive information, including all available documentation, that supports the whistleblower's allegations. * * * Submissions that provide speculative information or that do not provide specific and credible information regarding tax underpayments or violations of internal revenue laws do not provide a basis for an award. * * *

And as discussed above, section 301.7623-1(c)(4), Proced. & Admin. Regs., provides in relevant part that, if the whistleblower does not provide specific and credible information, the WBO has the discretion to reject the claim. See IRM

**[*15]** pt. 25.2.2.4.1(4) (Aug. 7, 2015) (stating that a claim will be rejected if the Form 211 does not contain a credible Federal tax issue or lacks specific and credible information).

In reviewing the WBO's determination, we may consider any "contemporaneous explanation of the agency decision" in the record. Tourus Records, Inc. v. DEA, 259 F.3d 731, 738-740 (D.C. Cir. 2001) (quoting Camp v. Pitts, 411 U.S. 138, 143 (1973)). As we noted in Kasper v. Commissioner, 150 T.C. 8, 24 (2018) (quoting Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974)): "Administrative law tells a court to 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'"

The administrative record shows that the WBO followed proper procedures in this case. The WBO forwarded petitioner's information to SB/SE for review, SB/SE evaluated the information and recommended that the WBO reject the claim because, among other reasons, petitioner did not provide specific and credible information. The WBO in turn accepted that recommendation and issued a final decision rejecting petitioner's claim. While the documentary record underlying the WBO determination is relatively sparse, we are satisfied that the WBO did not abuse its discretion in concluding that petitioner's claim, and the information offered in support of that claim, was not specific or credible.

[*16] The information that petitioner provided to the WBO, which is largely derived from publicly available sources, established that the target was born in and briefly resided in the United States as an infant, the target's parents were citizens of Country X, and the target later rose to a position of substantial prominence and influence in Country X. Petitioner could find no public record that the target ever exercised any of the fundamental rights or privileges of a U.S. citizen, including obtaining a Social Security number or a passport. At the same time, petitioner was unable to find any record that the target ever renounced U.S. citizenship. In sum, petitioner did not provide specific and credible information sufficient to establish that the target was a citizen of the U.S. at birth.[4] Moreover, as petitioner seems to have recognized in the materials submitted to the WBO, even assuming for the sake of argument that the target was a citizen of the United States at birth, the fact that the target rose to a position of prominence and influence in Country X casts serious doubt on the proposition that the target retained U.S. citizenship status into adulthood.

---

[4]U.S. Const. amend. XIV, sec. 1, provides in relevant part: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." See 8 U.S.C. sec. 1401(a) (a person born in the United States and subject to the jurisdiction thereof is a national and a citizen of the United States).

**[\*17]** Consistent with the foregoing, and on the record presented, we conclude that the WBO did not abuse its discretion in rejecting petitioner's claim for lack of specific and credible information. Accordingly, we will grant respondent's motion for summary judgment.

<u>An appropriate order and decision</u>

<u>will be entered</u>.