143 T.C. No. 20

UNITED STATES TAX COURT

ROBERT LIPPOLIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18172-12W.                       Filed November 20, 2014.

R collected $844,746 of tax from the target as a result of an audit performed in response to P's whistleblower claim. By letter to P, R said an award under I.R.C. sec. 7623(a) equal to 15% of the amount collected had been approved. Thereafter, P commenced this whistleblower proceeding pursuant to I.R.C. sec. 7623(b)(4).

I.R.C. sec. 7623(b)(5)(B) provides that an award shall not be made under I.R.C. sec. 7623(b) unless more than $2 million is in dispute in the action ($2 million requirement). R moved to dismiss for lack of jurisdiction and in that motion contends that P does not meet the $2 million requirement.

Held: The $2 million requirement is an affirmative defense and is not jurisdictional. We will deny R's motion and allow time for R to file an appropriate motion for leave to amend the answer.

Thomas C. Pliske, for petitioner.

Ashley M. Bender, for respondent.

OPINION

COLVIN, Judge:  Petitioner commenced this whistleblower proceeding pursuant to section 7623(b)(4).[1]

Section 7623(b)(5) bars the making of an award under section 7623(b) unless more than $2 million is in dispute in the action ($2 million requirement). Respondent filed a motion to dismiss for lack of jurisdiction in which respondent contends that petitioner does not meet the $2 million requirement.  For reasons discussed below we will deny respondent's motion.

Neither party requested a hearing, and we conclude that none is necessary to decide respondent's motion.  For purposes of deciding respondent's motion, we consider the undisputed information contained in the pleadings, respondent's motion and documents attached to his motion, and petitioner's response.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round monetary amounts to the nearest dollar.

## Background

Petitioner resided in New York when he filed the petition. Petitioner filed a whistleblower claim which the Internal Revenue Service (IRS) Whistleblower Office received on August 24, 2007. In the claim petitioner alleged, inter alia, that an individual taxpayer and certain flowthrough entities in which the individual taxpayer had a majority interest had underreported on their Federal income tax returns.

After reviewing the claim, the Whistleblower Office sent the case to the IRS Examination Division, which examined the target's returns. Later, the Commissioner assessed and collected from the individual taxpayer (and from his estate) tax and interest of $844,746.

The Examination Division prepared a Form 11369, Confidential Evaluation Report on Claim for Award, and returned that form and the examination file to the Whistleblower Office. The Whistleblower Office concluded that petitioner was not eligible for an award under section 7623(b) pursuant to subsection (b)(5) but was eligible for an award under subsection (a) of $126,712 (i.e., 15% of the amount the IRS had collected from the target).

On June 12, 2012, the Whistleblower Office sent petitioner a letter (June 12, 2012, letter) which stated, in part, that "[w]e have approved an award under I.R.C.

section 7623(a) in the amount of $126,711.85 based on your Form 211, Application for Reward for Original Information dated August 8, 2007. This award represents full payment of your claim."

## Discussion

### A.    Tax Court Whistleblower Jurisdiction

The Tax Court may exercise jurisdiction only to the extent provided by Congress. See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66 (1976); see also, e.g., Rules 13, 340(b). We nevertheless have jurisdiction to decide whether we have jurisdiction. SECC Corp. v. Commissioner, 142 T.C.__, ___ (slip op. at 8) (Apr. 3, 2014); Hambrick v. Commissioner, 118 T.C. 348 (2002); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

The Tax Court's jurisdiction over whistleblower cases is provided by section 7623(b)(4). Paragraph (4) in pertinent part provides that "[a]ny determination regarding any award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."

Section 7623(b)(1) provides for mandatory awards if certain requirements are met. More specifically, section 7623(b)(1) provides:

SEC. 7623(b).  Awards to Whistleblowers.--

(1) In general.  If the Secretary proceeds with any administrative or judicial action described in * * * [section 7623](a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the collected proceeds (including penalties, interest, additions to tax, and additional amounts) resulting from the action (including any related actions) or from any settlement in response to such action.  The determination of the amount of such award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action.

Section 7623(b)(5)(B) provides in relevant part that "[section 7623(b)] shall apply with respect to any action * * * if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000".  The phrase "any action" refers to "any administrative or judicial action" with which the Secretary "proceeds" based on information provided by a whistleblower under section 7623. See sec. 7623(a) and (b)(1).

B.    Respondent's Motion

In the motion respondent points out that the June 12, 2012, letter (1) states the Whistleblower Office had approved an award under section 7623(a) and (2) makes no reference to section 7623(b).[2]  In the motion respondent also (1)

---

[2]The letter from the Whistleblower Office does not refer to sec. 7623(b), but

(continued...)

contends that petitioner is not entitled to an award under section 7623(b) (and thus the Court lacks jurisdiction) because petitioner does not meet the $2 million requirement, and (2) acknowledges that section 7623(b)(5)(B) itself is not "jurisdictional in character".

C.     Whether the $2 Million Requirement Is Jurisdictional

In considering whether to grant respondent's motion we will decide (1) whether section 7623(b)(5)(B) is jurisdictional or is an affirmative defense, and if the latter, (2) what procedures apply to our consideration of the $2 million limit.

The Supreme Court has "endeavored in recent years to 'bring some discipline' to the use of the term 'jurisdictional'", cautioning courts not to "lightly attach those 'drastic' consequences to limits Congress has enacted."  See Gonzalez v. Thaler, 565 U.S. ___, ___, 132 S. Ct. 641, 648 (2012).  Recognizing that "[j]urisdictional rules may * * * result in the waste of judicial resources and may unfairly prejudice litigants", see Henderson ex rel. Henderson v. Shinseki, 562 U.S. ___, ___, 131 S. Ct. 1197, 1202 (2011), the Supreme Court has created a

---

[2](...continued)
the phrase in the letter "[t]his award represents full payment of your claim" obviously denies petitioner's claim under that subsection.  Denying a whistleblower's claim under sec. 7623(b) without saying so does not deprive this Court of jurisdiction.  Cooper v. Commissioner, 135 T.C. 70 (2010) (holding a Whistleblower Office letter constituted a determination where it stated that an award determination could not be made under sec. 7623(b)).

"readily administrable bright line" rule for courts to use in deciding whether a statutory provision affects a court's jurisdiction, see Arbaugh v. Y & H Corp., 546 U.S. 500, 503, 516 (2006); see also Gonzalez, 565 U.S. at ___, 132 S. Ct. at 648; Henderson, 562 U.S. at ___, 131 S. Ct. at 1203. Specifically, courts are to review whether Congress "'clearly states that a threshold limitation on a statute's scope shall count as jurisdictional' * * * [b]ut when 'Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional' [in character]." Gonzalez, 565 U.S. at ___, 132 S. Ct. at 648 (quoting Arbaugh, 546 U.S. at 515, 516); Henderson, 562 U.S. at ___, 131 S. Ct. at 1203. Moreover, the "jurisdictional analysis must focus on the 'legal character' of the requirement, * * * which * * * [may be] discerned by looking to the condition's text, context, and relevant historical treatment". Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010) (citation omitted). The Supreme Court has stated that this approach "is suited to capture Congress' likely intent and also provides helpful guidance for courts and litigants, who will be 'duly instructed' regarding a rule's nature." Henderson, 562 U.S. at ___, 131 S. Ct. at 1203.

Available indicators of congressional intent are not sufficient to support the conclusion that section 7623(b)(5)(B) is jurisdictional. The text of section 7623(b)(5)(B) does not clearly indicate that Congress intended this provision to

serve as a jurisdictional bar. <u>See</u> <u>Henderson</u>, 562 U.S. at ___, 131 S. Ct. at 1204.

Rather, an entirely separate provision, section 7623(b)(4), provides that this Court

has jurisdiction over "the matter" that is the subject of any determination regarding

an award under section 7623(b)(1), (2), or (3). The fact that the two provisions are

close together is not dispositive. <u>See</u> <u>Gonzalez</u>, 565 U.S. at ___, 132 S. Ct. at 651

("Mere proximity will not turn a rule that speaks in nonjurisdictional terms into a

jurisdictional hurdle."). The legislative history sheds no light on the question

whether section 7623(b)(5) is jurisdictional. It is noteworthy that when Congress

has chosen to place an amount in controversy as a jurisdictional bar on a Federal

court's authority to review a matter, it has done so expressly. <u>See</u> 16 U.S.C. sec.

814 (2012) ("[The] United States district courts shall only have jurisdiction of

cases when the amount claimed by the owner of the property to be condemned

exceeds $3,000".); 22 U.S.C. sec. 6713 (2012) ("The district courts of the United

States shall have original jurisdiction, concurrent with the United States Court of

Federal Claims, of any civil action or claim described in subparagraph (A) that

does not exceed $10,000".); 28 U.S.C. sec. 1332(a) (2012) ("The district courts

shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000".); <u>id.</u> sec. 1346 ("The district courts shall

have original jurisdiction, concurrent with the United States Court of Federal

Claims, of * * * [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount".).  In sum, we conclude that section 7623(b)(5)(B) is not a jurisdictional requirement.[3]

D.     Whether Section 7623(b) Is an Affirmative Defense

We next decide whether section 7623(b)(5) creates an affirmative defense that must be pleaded in the answer and proved by the Commissioner[4] or whether it is an element of petitioner's case and must be pleaded in the petition and proved by petitioner.  Neither party included in the pleadings any allegations relating to the $2 million requirement.

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the * * * [cause of action], even if all the allegations in the complaint are true."  Black's Law Dictionary 482 (9th ed. 2009); see also Saks v. Franklin

---

[3]In a recent opinion we recognized that the parties disputed certain aspects of sec. 7623(b)(5), but we concluded that it was not necessary to reach that issue. Whistleblower 22231-12W v.  Commissioner, T.C. Memo. 2014-157, at *17.

[4]Rule 39, Pleading Special Matters, provides that "[a] party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the statute of limitations.  A mere denial in a responsive pleading will not be sufficient to raise any such issue."  Paragraph (b) of Rule 36, Answer, provides in pertinent part that "the answer shall contain a clear and concise statement of every ground, together with the facts in support thereof on which the Commissioner relies and has the burden of proof."

Covey Co., 316 F.3d 337, 350 (2d Cir. 2003). Rule 39 provides a nonexhaustive list of affirmative defenses a party may raise in this Court, including res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the statute of limitations. In deciding whether a statute provides an affirmative defense, courts often consider practicality and fairness.[5] See Hernandez-Miranda v. Empresas Diaz Masso, Inc., 651 F.3d 167, 176 (1st Cir. 2011); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002); Ingraham v. United States, 808 F.2d 1075, 1078-1079 (5th Cir. 1987); Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324, 1336 (10th Cir. 1982).

Since 1867 the Secretary has had the discretionary authority to pay awards to persons who provide information to the Commissioner that aids in detecting underpayments of tax. Act of Mar. 2, 1867, ch. 169, sec. 7, 14 Stat. at 473 (codified by ch. 11, sec. 3463, 35 Rev. Stat. 686 (1873-74)). In 2006 Congress

[5]In their commentary discussing the categorization of affirmative defenses, Wright and Miller state:

> "Fairness" probably should be viewed as a shorthand expression reflecting the judgment that all or most of the relevant information on a particular element of a claim is within the control of one party or that one party has a unique nexus with the issue in question and therefore that party should bear the burden of affirmatively raising the matter.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure sec. 1271, at 603 (3d ed. 2004); see also Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

enacted section 7623(b) to encourage tax whistleblowers to provide information regarding persons who underpay tax or violate the internal revenue laws. See Cooper v. Commissioner, 135 T.C. 70, 73 (2010). Section 7623(b)(4) provides this Court with jurisdiction over any determination made by the Secretary regarding an award under section 7623(b)(1), (2), or (3). Section 7623(b)(1) provides for mandatory rather than discretionary awards if certain requirements are met. See supra p. 5.

In assigning pleading obligations and the burden of proof for the $2 million requirement, it is helpful to consider the nature of the information that would show whether that requirement has been met. In the motion respondent contended that the "amount in dispute" in this "action" is $844,746, i.e., the amount assessed and collected from the target after consideration of petitioner's whistleblower claim. In a supplement to the motion respondent contends that "the 'amount in dispute' * * * is the maximum total of tax, penalties, interest, additions to tax, and additional amounts that could have resulted from the action(s) with which the IRS proceeded based on the information provided, if the formal positions taken by the IRS had been sustained."[6] Petitioner contends that applying respondent's standard

---

[6]Regulations first effective after the events in question here provide as follows: "[T]he term amount in dispute means the greater of the maximum total of

(continued...)

would be difficult or impossible because respondent has not provided sufficient information, particularly regarding the audit of the target, showing whether the dispute was for more than $2 million. As a result, according to petitioner, whistleblowers may have no basis for identifying an amount in dispute different from the amount assessed and collected. We need not decide what constitutes the "amount in dispute" at this time.

The Commissioner generally should have easy access to all of the records or documents that would show whether the amount in dispute in "the action", i.e., "any administrative or judicial action", sec. 7623(b)(1), initiated against the target as a result of the whistleblower claim exceeds $2 million. Those documents may not be available to the whistleblower and may constitute confidential taxpayer information of the target. It would be unduly burdensome to require the whistleblower to provide or perhaps even to know of the existence of those records. We conclude that section 7623(b)(5)(B) is an affirmative defense and

---

[6](...continued)
tax, penalties, interest, additions to tax, and additional amounts that resulted from the action(s) with which the IRS proceeded based on the information provided, or the maximum total of such amounts that were stated in formal positions taken by the IRS in the action(s)". See sec. 301.7623-2(e)(2), Proced. & Admin. Regs. The regulations are effective and apply to information submitted on or after August 12, 2014, and to claims for award under sec. 7623(b) that are open as of August 12, 2014. Sec. 301.7623-2(f), Proced. & Admin. Regs.

that the Commissioner bears the burden of proof on this issue. <u>See</u> Rule 142;[7]

<u>Ray</u>, 285 F.3d at 295; <u>see also</u> <u>ITSI T.V. Prods., Inc. v. Agric. Ass'ns</u>, 3 F.3d

1289, 1292 (9th Cir. 1993) ("'When the true facts relating to a disputed issue lie

peculiarly within the knowledge of' one party, the burden of proof may properly

be assigned to that party[.]" (quoting <u>United States v. Hays</u>, 369 F.2d 671, 676

(9th Cir. 1966))); <u>Drexel Burnham Lambart Grp., Inc. v. Galadari</u>, 777 F.2d 877,

880 (2d Cir. 1985) ("The party asserting an affirmative defense usually has the

burden of proving it * * * [and] [t]his rule has particular cogency where the facts

in support of the defense are peculiarly within the knowledge of the party asserting

it." (Citations omitted.)); <u>Adler v. Commissioner</u>, 85 T.C. 535, 540 (1985);

<u>Farmers Feed Co. v. Commissioner</u>, 10 B.T.A. 1069, 1075-1076 (1928)

(determining the Commissioner had the burden of proving an exception to the

statute of limitations because that information was within his, and not the

taxpayer's, realm of knowledge).

---

[7]Paragraph (a)(1) of Rule 142, Burden of Proof, provides: "(a) General: (1) The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer, it shall be upon the respondent. As to affirmative defenses, see Rule 39."

E.  Conclusion

We will deny respondent's motion to dismiss for lack of jurisdiction.  Rule 41, Amended and Supplemental Pleadings, provides that "leave [to amend a pleading] shall be given freely when justice so requires", and that "[a] motion for leave to amend a pleading shall state the reasons for the amendment and shall be accompanied by the proposed amendment."  We will issue an order allowing respondent 60 days to file a motion for leave to amend the answer to raise the section 7623(b)(5)(B) affirmative defense and to include allegations of fact supporting the amendment to the answer.  If the Court grants respondent's motion to amend raising the section 7623(b)(5)(B) affirmative defense, petitioner will have 45 days from the date of service of the amendment to answer to file a reply or 30 days from that date within which to move with respect to the amendment to answer.  See Rule 37.

To reflect the foregoing,

An appropriate order will be issued.