T.C. Memo. 2017-104

UNITED STATES TAX COURT

ROBERT LIPPOLIS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18172-12W.                     Filed June 7, 2017.

<u>Thomas C. Pliske</u>, for petitioner.

<u>Ashley M. Bender</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment.[1]  Petitioner commenced this whistleblower proceeding

_____

[1]This case was previously before the Court on respondent's motion to
dismiss for lack of jurisdiction.  We denied respondent's motion.  <u>Lippolis v.</u>
<u>Commissioner</u>, 143 T.C. 393 (2014).

**[\*2]** pursuant to section 7623(b)(4).[2]  Section 7623(b)(5) bars the making of an award under section 7623(b) unless more than $2 million is in dispute in the action ($2 million requirement).  In the motion respondent seeks summary judgment that petitioner is not entitled to a whistleblower award under section 7623(b) because petitioner did not meet the $2 million requirement.  As discussed below, we will deny respondent's motion.

## Background

We include herein some of the background from Lippolis v. Commissioner (Lippolis I), 143 T.C. 393 (2014), and additional background related to the issue now before the Court.

A.   Petitioner's Whistleblower Claim

Petitioner filed a whistleblower claim which the Internal Revenue Service (IRS) Whistleblower Office received on August 24, 2007.  The Commissioner thereafter assessed and collected $844,746 from the target identified in petitioner's claim.  The Whistleblower Office concluded pursuant to section 7623(b)(5) that petitioner was not eligible for an award under subsection (b) but was eligible for an award under subsection (a) of $126,712 (15% of the amount the IRS had

---

[2]Section references are to the Internal Revenue Code in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

**[*3]** collected from the target).  The Whistleblower Office notified petitioner of the determination in a letter dated June 12, 2012.  In the petition, petitioner alleged that the IRS had erred in considering his case under section 7623(a) instead of section 7623(b).

B.      Respondent's Motion To Dismiss for Lack of Jurisdiction

In the motion to dismiss for lack of jurisdiction, respondent contended that the Court lacked jurisdiction because not more than $2 million was in dispute as required by section 7623(b)(5)(B).[3]  We denied that motion and held that the $2 million limit is not jurisdictional.  Lippolis I, 143 T.C. at 397-398.  Section 7623(b)(5) creates an affirmative defense that must be pleaded in the answer and proved by the Commissioner.  Id. at 400.  In Lippolis I we said that the Commissioner generally has easy access to the records and documents that would show whether the amount in dispute in an action initiated against a target as a result of information provided by a whistleblower exceeds $2 million.  Id.  We also said that it would be unduly burdensome to require a whistleblower to provide these records and bear the burden of proving that the amount in dispute exceeds

_____

[3]"This subsection shall apply with respect to any action * * * (B) if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000."  Sec. 7623(b)(5)(B).

**[*4]** $2 million because those documents may not be available to the whistleblower and may be confidential taxpayer information of the target. Id.

C.    The Amended Answer and Reply

Pursuant to Lippolis I, respondent filed a motion for leave to amend the answer and lodged an amended answer asserting an affirmative defense under section 7623(b)(5)(B). We granted respondent's motion for leave and filed the amended answer. In the amended answer respondent asserts that petitioner's whistleblower claim does not satisfy the minimum amount in dispute in the action required by section 7623(b)(5). In paragraph 6 of the amended answer, respondent alleges in pertinent part as follows:

> 6. FURTHER ANSWERING the petition, and in support of respondent's affirmative defense that petitioner's whistleblower claim did not satisfy the minimum amount in dispute defined in section 7623(b)(5), required for a mandatory whistleblower award under section 7623(b), respondent makes the following specific allegations:
>
> *    *    *    *    *    *    *
>
> a. Petitioner filed a Form 211, Application for Reward for Original Information, which was received by respondent on August 24, 2007.
>
> b. The Form 211, and accompanying information alleged that Taxpayer, and corporate entities, of which Taxpayer was a principal/shareholder, engaged in illegal accounting practices. The alleged practices included structuring, sham loans, and cash skimming schemes that resulted in the understatement of

their income and the income of other taxpayers with which Taxpayer was engaged in business.

c. The Form 211 and accompanying information initially was reviewed by Respondent's Whistleblower Office and the IRS Criminal Investigation Division (CI).

d. CI opened an investigation, but subsequently decided not to pursue the case. On March 13, 2009, CI forwarded the case to the Internal Revenue Service civil division with subject matter responsibility over the issues raised, Large Business and International (LB&I) (formerly Large and Mid-Sized Business (LMSB)).

e. After reviewing petitioner's Form 211, LB&I opened an examination.

f. The examination resulted in adjustments to Taxpayer, and his spouse's, joint tax liabilities, due to below market loans and checks being written to cash that were being expensed as holiday expense on the returns.

g. Adjustments were made to flow through entities, then passed through to Taxpayer and his spouse, who were roughly 98 percent owners.

h. Trusts in Taxpayer's children's names owned the remaining interest and were not adjusted.

i. The adjustments were assessed to Taxpayer and his spouse and Taxpayer's Estate.

j. Taxpayer's Estate agreed to the adjustments and paid in full.

k. Adjustments also were made to two related entities, but those adjustments did not result in the assessment or collection of tax from the entities, because the adjustments flowed through from

the entities to the Taxpayer and the Taxpayer's spouse jointly, and to the Taxpayer's Estate.

l. LB&I completed the Form 11369, Confidential Evaluation Report on Claim for Award, on October 1, 2009, and returned the form to the Whistleblower Office.

m. Whistleblower Analyst Nora Beardsley received the Form 11369, with attached explanations and information regarding the examination.

n. The total amount in dispute related to petitioner's whistleblower claim was $844,745.69.

o. Ms. Beardsley completed the Whistleblower Office's portion of the Form 11369 on March 1, 2012.

p. Ms. Beardsley prepared an Award Recommendation, recommending that a discretionary award be made to petitioner under section 7623(a).

q. Ms. Beardsley made this recommendation because she had determined that the petitioner was ineligible for an award under section 7623(b), as the amount in dispute was less than $2,000,000.

r. Section 7623(b)(5)(B) states that "the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000," for section 7623(b) to apply.

s. The "amount in dispute" as set forth in section 7623(b)(5)(B), is the maximum total of tax, penalties, interest, additions to tax, and additional amounts that could have resulted from the action(s) with which the IRS proceeded based on the information provided, if the formal positions taken by the IRS had been sustained.

**[\*7]**     t. In some cases, the amount in dispute might equal the collected proceeds.

u. That is true in this case, where the amount that the Whistleblower Analyst, Nora Beardsley, cited as the amount in dispute, $844,745.69, also represented the collected proceeds.

In his reply petitioner alleges that information respondent provided does not show that not more than $2 million is in dispute.

Discussion

The issue for decision is whether respondent is entitled to summary judgment that petitioner is not entitled to a whistleblower award under section 7623(b) because not more than $2 million was in dispute in the action.

Under Rule 121 the Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. The moving party bears the burden of showing that no genuine dispute of material fact exists. We will view facts and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (same standard under Fed. R. Civ. P. 56). "The opposing party is to be afforded the benefit of all reasonable doubt, and any inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party

**[\*8]** opposing the motion for summary judgment." <u>Espinoza v. Commissioner</u>, 78

T.C. 412, 416 (1982).

An affirmative defense is an "assertion of facts and arguments that, if true,

will defeat the \* \* \* [cause of action], even if all the allegations in the complaint

are true." Black's Law Dictionary 509 (10th ed. 2014); <u>see</u> <u>Saks v. Franklin</u>

<u>Covey Co.</u>, 316 F.3d 337, 350 (2d Cir. 2003). Rule 36(b) provides that "the

answer shall contain a clear and concise statement of every ground, together with

the facts in support thereof on which the Commissioner relies and has the burden

of proof." The Commissioner bears the burden of proof with respect to any

affirmative defense or new matter raised in the answer. Rule 142(a)(1); <u>see also</u>

<u>Arberg v. Commissioner</u>, T.C. Memo. 2007-244.

Section 7623(b)(1) provides for mandatory awards if certain requirements

are met. More specifically, section 7623(b)(1) provides:

SEC. 7623(b). Awards to Whistleblowers.--

(1) In general.--If the Secretary proceeds with any
administrative or judicial action described in \* \* \* [section 7623](a)
based on information brought to the Secretary's attention by an
individual, such individual shall, subject to paragraph (2), receive as
an award at least 15 percent but not more than 30 percent of the
collected proceeds (including penalties, interest, additions to tax, and
additional amounts) resulting from the action (including any related
actions) or from any settlement in response to such action. The
determination of the amount of such award by the Whistleblower

**[*9]** Office shall depend upon the extent to which the individual substantially contributed to such action.

Section 7623(b)(5)(B) provides in relevant part that "[section 7623(b)] shall apply with respect to any action * * * if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000."

Respondent alleges that for purposes of section 7623(b) the amount in dispute "is the maximum total of tax, penalties, interest, additions to tax, and additional amounts that could have resulted from the actions(s) with which the IRS proceeded based on the information provided, if the formal positions taken by the IRS had been sustained."[4]  Respondent attached to the motion for summary judgment a redacted Form 4605, Examination Changes--Partnerships, Fiduciaries, S Corporations, and Interest Charge Domestic International Sales Corporations. Respondent alleges that the Form 4605 shows that the examination or examinations of targets named in the whistleblower claim at issue here led to an

---

[4]Regulations which were first effective after the events in question here provide:  "[T]he term amount in dispute means the greater of the maximum total of tax, penalties, interest, additions to tax, and additional amounts that resulted from the action(s) with which the IRS proceeded based on the information provided, or the maximum total of such amounts that were stated in formal positions taken by the IRS in the action(s)."  Sec. 301.7623-2(e)(2)(i), Proced. & Admin. Regs.  The regulations are effective on, and apply to information submitted on or after, August 12, 2014, and to claims for award under sec. 7623(b) that are open as of August 12, 2014.  Id. para. (f).

**[*10]** assertion by the IRS of an additional $844,746 of tax liability, that the IRS collected that amount, and that respondent is entitled to summary judgment that this is the amount in dispute.

In the summary judgment motion respondent does not assert or deny that the IRS has documents (e.g., in the files of the whistleblower case or files relating to the target) showing that more than $2 million is in dispute. Similarly, respondent has not addressed whether there are documents which refer to amounts in dispute in excess of $2 million but which respondent contends are not "formal positions taken by the IRS in the action(s)". See Gen. Lead Batteries Co. v. Commissioner, 2 B.T.A. 392 (1925) (finding that the Commissioner failed to satisfy the burden of proof when no evidence was introduced to support an affirmative defense asserted in the Commissioner's answer); Yamamoto v. Commissioner, T.C. Memo. 1990-549 (finding that the Commissioner failed to satisfy the burden of proof by failing to introduce evidence to support an affirmative defense); sec. 301.7623-2(e)(2)(i), Proced. & Admin. Regs.[5]

---

[5]Petitioner argues that the following documents should be considered in determining the amount in dispute: (1) the IRS initial audit plan; (2) Form 4564, Information Documents Request; (3) Form 2039, Summons; (4) drafts of any other Forms 4549, Income Tax Examination Changes; (5) documents relating to a related criminal proceeding; (6) the civil examination of the taxpayer for preceding and subsequent years; and (7) any tax assessed and collected from other

(continued...)

**[*11]** Respondent is the moving party and is asserting an affirmative defense on which respondent bears the burden of proof. Lippolis I, 143 T.C. at 398-401. Facts alleged in respondent's motion do not preclude the existence of other records showing that the amount in dispute exceeded $2 million. Thus, respondent has not established that facts are not in dispute which are necessary to show that respondent is entitled to judgment as a matter of law on the point that the disputed amount does not exceed $2 million.

We will deny respondent's motion.[6] To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[5](...continued) related taxpayers for which petitioner provided detailed information in the whistleblower claim. We do not decide herein whether those documents are properly considered in deciding the amount in dispute.

[6]This opinion is being released concurrently with, and applies the same analysis as that used in, Gonzalez v. Commissioner, T.C. Memo. 2017-105.