# United States Tax Court

T.C. Memo. 2023-98

SUZANNE JEAN MCCRORY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19730-22W.                    Filed August 1, 2023.

————

Whistleblower (WB) filed with the Whistleblower Office (WBO) seven Forms 211, Application for Award for Original Information. The WBO assigned those forms seven associated claim numbers. The WBO eventually issued to WB a Final Award Decision Under Section 7623(a) referencing all seven claim numbers and granting a single award of $1,694.31. WB filed a Petition seeking our review under I.R.C. § 7623(b)(4).

R filed a Motion to Dismiss for Lack of Jurisdiction arguing that the Court lacks jurisdiction over the case because the award at issue was made under I.R.C. § 7623(a), rather than I.R.C. § 7623(b), and the amount in dispute here does not meet the requirements of I.R.C. § 7623(b)(5)(B).

In *Lippolis v. Commissioner*, 143 T.C. 393 (2014), we held that the amount-in-dispute requirement of I.R.C. § 7623(b)(5)(B) is not jurisdictional, but must be raised as an affirmative defense. R maintains that *Lippolis* is inconsistent with the U.S. Court of Appeals for the D.C. Circuit's decision in *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022), *cert. denied*, 143 S. Ct. 372 (2022), and should be overruled.

**[\*2]**    *Held*:   The D.C. Circuit's decision in *Li* does not require us to revisit the holding of *Lippolis*.

*Held, further*, under *Lissack v. Commissioner*, 68 F.4th 1312, 1320 (D.C. Cir. 2023), *aff'g* 157 T.C. 63 (2021), and *Whistleblower 972-17W v. Commissioner*, No. 972-17W, 159 T.C., slip op. at 5–10 (July 13, 2022), the Tax Court has jurisdiction to review the WBO's determination here because the IRS proceeded with an action and collected proceeds based on WB's information.

*Held, further*, consistent with our holding in *Lippolis*, R's contentions regarding the monetary threshold in I.R.C. § 7623(b)(5)(B) must be pleaded in R's Answer as affirmative defenses.

*Held, further*, R's Motion will be denied.

————————

Suzanne Jean McCrory, pro se.

*Alex Shlivko*, for respondent.

MEMORANDUM OPINION

TORO, *Judge*:   As we have explained before, section 7623[1] provides for awards to individuals (commonly referred to as whistleblowers) who submit information to the Government about third parties who have underpaid their taxes or otherwise violated the internal revenue laws.   *Whistleblower 972-17W v. Commissioner*, No. 972-17W, 159 T.C., slip op. at 4 (July 13, 2022) (reviewed opinion). Section 7623(a) authorizes discretionary payments in certain circumstances, while section 7623(b) provides for nondiscretionary (i.e., mandatory) awards.   We have jurisdiction to review awards under section 7623(b), but not those under section 7623(a).

Now before the Court is a Motion to Dismiss for Lack of Jurisdiction the Commissioner of Internal Revenue (Commissioner)

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times.

[*3] filed on December 7, 2022. The Commissioner maintains that we lack jurisdiction here because, in his view, the award at issue was made under section 7623(a), rather than section 7623(b), and the amount in dispute does not meet the requirements of section 7623(b)(5)(B). In *Lippolis v. Commissioner*, 143 T.C. 393 (2014), we held that the amount-in-dispute requirement of section 7623(b)(5)(B) is not jurisdictional, but must be raised as an affirmative defense. The Commissioner now asserts that *Lippolis* is inconsistent with the U.S. Court of Appeals for the District of Columbia Circuit's decision in *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022), *cert. denied*, 143 S. Ct. 372 (2022), and should be overruled. Petitioner, Suzanne Jean McCrory, opposes the Motion. For the reasons we set out below, we disagree with the Commissioner and will deny the Motion.

*Background*

The following facts are drawn from the parties' pleadings and Motion papers. They are stated solely for the purpose of deciding the Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

In 2018, Ms. McCrory filed with the IRS Whistleblower Office (WBO) seven Forms 211, Application for Award for Original Information, relating to seven separate taxpayers. The WBO assigned a claim number to each of the seven Forms 211 (2018-012740, 2018-012741, 2018-012742, 2018-012743, 2018-012744, 2018-012745, and 2018-012746), but considered them together in one administrative proceeding.

With respect to five of the claim numbers (2018-012740, 2018-012741, 2018-012742, 2018-012743, and 2018-012744), the IRS took no action based on Ms. McCrory's information, and an IRS classifier recommended rejecting them because the allegations were not specific, were not credible, or were speculative, or because the classifier could not identify the target. For another claim number (2018-012746), a revenue agent surveyed the target's return, determined that the target was in compliance, and took no further action.[2] The remaining claim number (2018-012745) prompted the IRS to audit a target's return and, ultimately, to determine nearly $180,000 in total adjustments.

---

[2] As a result, no audit or examination ensued, and no proceeds were collected.

**[\*4]** On June 14, 2022, the WBO issued to Ms. McCrory a Final Award Decision Under Section 7623(a) (Decision Letter). The Decision Letter listed all seven claim numbers in the "Re:" line and stated that "[the WBO] has made a final decision that you are entitled to an award of $1,694.31." The Decision Letter did not identify which claim numbers the award related to, but explained the award computation in an attached Determination Report. The Report, also listing all seven claim numbers, stated that the "[f]inal tax, penalties, interest, and other amounts collected based on information provided by Whistleblower" were "$179,672.20" and that the recommended award percentage was 1%, subject to a modest reduction under the Budget Control Act of 2011, Pub. L. No. 112-25, 125 Stat. 240. The Report cited section 7623(b)(2) to justify the amount of the award and did not analyze the claim numbers individually.[3]

> Regarding judicial review, the Decision Letter stated as follows:
>
> This letter is a final determination for purposes of filing a petition with the United States Tax Court. If you disagree with this determination, you have 30 days from the date of this letter to file a petition with the Tax Court.

Consistent with the letter's instructions, Ms. McCrory timely filed the Petition to commence this case. Subsequently, the Commissioner filed the Motion now before us, and Ms. McCrory filed an Opposition to Respondent's Motion to Dismiss for Lack of Jurisdiction. On March 30, 2023, we asked for supplemental briefing, and the parties responded with their respective views on May 1, 2023. We now turn to the jurisdictional issue presented.

## *Discussion*

I. *The Tax Court's Jurisdiction in Whistleblower Cases*

Like all federal courts, we are a court of limited jurisdiction. *Whistleblower 21276-13W v. Commissioner*, 155 T.C. 21, 26 (2020). We exercise jurisdiction only over matters that Congress expressly authorizes us to consider. *Id.*; *see also* I.R.C. § 7442. Of course, we always have jurisdiction to determine whether we have jurisdiction.

---

[3] A Preliminary Award Recommendation Under Section 7623(a) and the associated Summary Report provided to Ms. McCrory on March 16, 2022, similarly listed all seven claim numbers, provided a single preliminary award amount, and did not analyze the claims individually.

[*5] *Whistleblower 21276-13W*, 155 T.C. at 26. And we must assure ourselves of our jurisdiction even when not asked to by the parties. *Id.*

Section 7623(b)(4) defines our jurisdiction in whistleblower cases. *See Rogers v. Commissioner*, 157 T.C. 20, 26 (2021); *see also Lissack v. Commissioner*, 68 F.4th 1312, 1320 (D.C. Cir. 2023), *aff'g* 157 T.C. 63 (2021). It provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) [of subsection (b)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." I.R.C. § 7623(b)(4). In other words, the Tax Court has jurisdiction to review any determination regarding a whistleblower award under section 7623(b)(1), (2), and (3). Determinations under those provisions generally are made by the WBO, which reviews whistleblower claims to determine whether an award will be paid and, if so, decides the amount of the award. *See, e.g.*, I.R.C. § 7623(b)(1), (2)(A), (3).

The conditions under which the WBO makes a determination are described in greater detail in section 7623(b)(1), which provides as follows:

> If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the proceeds collected as a result of the action (including any related actions) or from any settlement in response to such action (determined without regard to whether such proceeds are available to the Secretary). The determination of the amount of such award by the [WBO] shall depend upon the extent to which the individual substantially contributed to such action.

In *Li*, the D.C. Circuit interpreted section 7623(b)(1) to limit our jurisdiction in certain circumstances.[4] Specifically, the D.C. Circuit held that the Tax Court lacks jurisdiction to review a threshold rejection of a whistleblower claim—i.e., the WBO's determination that a claim should be rejected at the outset without taking any further action. *Li v.*

---

[4] An appeal in this case ordinarily would lie in the D.C. Circuit. *See* I.R.C. § 7482(b)(1) (flush language); *see also Kasper v. Commissioner*, 150 T.C. 8, 11 n.1 (2018).

[*6] *Commissioner*, 22 F.4th at 1017; *Whistleblower 972-17W*, 159 T.C., slip op. at 6–7; *see also Rogers*, 157 T.C. at 28 (describing rejection characteristics). The D.C. Circuit reasoned that the WBO makes an award determination under section 7623(b)(1) when the IRS actually proceeds with an action based on a whistleblower's information. *Li v. Commissioner*, 22 F.4th at 1017. In the case of a rejection, the WBO rejects the whistleblower's claim at the threshold, without the IRS's ever taking action against the target taxpayer. *Id.* Therefore, the D.C. Circuit concluded, the WBO's decision to reject a claim is not an award determination under section 7623(b)(1), (2), or (3), and the Tax Court does not have jurisdiction to review that decision under section 7623(b)(4). *Li v. Commissioner*, 22 F.4th at 1017.

The D.C. Circuit recently had occasion to consider *Li*'s scope. In *Lissack*, the D.C. Circuit held that our Court has jurisdiction over a whistleblower case if the IRS proceeds with an action related to the whistleblower's information, even if the WBO ultimately determines that the whistleblower is not entitled to an award. *See Lissack v. Commissioner*, 68 F.4th at 1321 ("The fact that the IRS conducted an examination here suffices to distinguish Lissack's case from *Li*."); *see also Whistleblower 972-17W*, 159 T.C., slip op. at 7–10 (reaching the same conclusion on similar facts).

II.     *Monetary Thresholds in Section 7623*

The Commissioner's specific challenge in this case seeks to apply *Li* to a different limitation under section 7623—namely, the rule that the Court generally does not review award determinations properly made under section 7623(a) as opposed to section 7623(b).

Section 7623(a), which authorizes the WBO to issue purely discretionary awards, governs if certain monetary thresholds under section 7623(b) are not met. Those thresholds provide that section 7623(b), rather than section 7623(a), applies with respect to any action if the proceeds in dispute exceed $2 million, I.R.C. § 7623(b)(5)(B), and, for an action against an individual, if the individual's gross income exceeds $200,000 for any taxable year subject to the action, I.R.C. § 7623(b)(5)(A); *see Smith v. Commissioner*, 148 T.C. 449, 461 (2017) (explaining that the $200,000 threshold applies to individuals and the $2 million threshold applies to all taxpayers). We have held that the thresholds established by section 7623(b)(5) are not jurisdictional. *Rogers*, 157 T.C. at 27 ($200,000 threshold); *Lippolis*, 143 T.C. at 397–98 ($2 million threshold). Rather, the thresholds constitute affirmative

[*7] defenses that the Commissioner must raise in his answer and with respect to which he bears the burden of proof. *Rogers*, 157 T.C. at 27; *Lippolis*, 143 T.C. at 400.

In his Motion, the Commissioner argues that *Li* requires us to revisit these holdings, pointing to *Lippolis* in particular. The Commissioner argues that, like the threshold rejections addressed in *Li*, a WBO decision under section 7623(a) is not a determination under section 7623(b)(1), (2), or (3) that the Court may review. The Commissioner further argues that the $2 million threshold in section 7623(b)(5)(B) is not met in this case and, therefore, we should dismiss the case for lack of jurisdiction. But, as explained below, *Li* does not require the result that the Commissioner seeks.

III.    *Analysis*

As we have already noted, the D.C. Circuit held in *Li* that this Court lacks jurisdiction to review a threshold rejection issued by the WBO because, in such a case, the IRS takes no action with respect to a whistleblower's claim. *Li v. Commissioner*, 22 F.4th at 1017. But the D.C. Circuit recently confirmed that our Court *does* have jurisdiction when the IRS proceeds with an action related to a whistleblower's information and nevertheless declines to grant an award under section 7623(b). *Lissack v. Commissioner*, 68 F.4th at 1321. As the Commissioner's Motion points out, the latter situation is analogous to one in which the IRS issues an award pursuant to section 7623(a) after proceeding with an action based on a taxpayer's information and collecting proceeds. *See Lippolis*, 143 T.C. at 396 n.2 (observing that, when the WBO grants an award under section 7623(a), it implicitly denies an award under section 7623(b)). Thus, accepting the Commissioner's own analogy, *Lissack* contradicts the position advocated in the Motion. Moreover, neither *Li* nor *Lissack* addressed specifically this Court's precedent on the jurisdictional status of the monetary thresholds of section 7623(b)(5) or cast any doubt on that precedent. In short, we cannot agree with the Commissioner that *Li* requires us to revisit our holding in *Lippolis*.[5] *See also Lissack v. Commissioner*, 68 F.4th at 1321 ("An 'unusually high degree of clarity' is required to treat statutory requirements as jurisdictional and, as just explained,

_____

[5] Additionally, to the extent the Commissioner argues that this case should be dismissed for lack of jurisdiction because the award was nominally made under section 7623(a), we have consistently held that the labeling of an award does not determine our jurisdiction. *See, e.g.*, *Rogers*, 157 T.C. at 27 n.8; *Lippolis*, 143 T.C. at 396 n.2.

[*8] subsection (b)(4) does not clearly support the Service's reading." (quoting *Myers v. Commissioner*, 928 F.3d 1025, 1035 (D.C. Cir. 2019), *rev'g and remanding* 148 T.C. 438 (2017))).

The lessons of *Li* and *Lissack* as applied to this case are straightforward. First, the cases confirm that this Court does not have jurisdiction to review the WBO's actions when the WBO decides to reject a claim without proceeding with any further action. Second, when the IRS *does* proceed with an action related to the whistleblower's information, as the Commissioner concedes it did here, we have jurisdiction.[6] In exercising that jurisdiction, we will continue to follow our precedents in *Lippolis* and *Rogers.* Accordingly, if the Commissioner wishes to raise the monetary thresholds of section 7623(b)(5) to defeat Ms. McCrory's claims, he must do so in his Answer and satisfy his burden of proof. *See Rogers*, 157 T.C. at 27; *Lippolis*, 143 T.C. at 400.

IV. *Conclusion*

For the reasons stated above, the Commissioner's Motion will be denied.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[6] The WBO issued a single final award decision covering all seven Forms 211 discussed above, and our jurisdiction under section 7623(b)(4) extends to that award decision as a whole. We express no view as to how *Li* would apply if the WBO had followed the classifier's recommendation and issued a decision letter specifically rejecting certain of Ms. McCrory's claims. That is not what happened here, and we review what the WBO did, not what it might have done.