# United States Tax Court

T.C. Memo. 2024-61

SUZANNE JEAN MCCRORY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19730-22W.                    Filed May 30, 2024.

————

Suzanne Jean McCrory, pro se.

*Alex Shlivko*, for respondent.


## MEMORANDUM OPINION

TORO, *Judge*: This is our second Opinion in this whistleblower case. In our prior opinion, *McCrory v. Commissioner*, T.C. Memo. 2023-98, we addressed the Commissioner's argument that we lacked jurisdiction because the proceeds in dispute do not meet the requirements of section 7623(b)(5)(B).[1] We rejected that claim, adhering to the holding in *Lippolis v. Commissioner*, 143 T.C. 393, 400 (2014), that the proceeds in dispute requirement "is not jurisdictional, but must be raised as an affirmative defense." *McCrory*, T.C. Memo. 2023-98, at *3; *see also id.* at *7–8. We went on to observe that, "if the Commissioner wishes to raise the monetary thresholds of section 7623(b)(5) to defeat [petitioner Suzanne Jean] McCrory's claims, he must do so in his Answer and satisfy his burden of proof." *McCrory*, T.C. Memo. 2023-98,

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] at *8 (first citing *Rogers v. Commissioner*, 157 T.C. 20, 27 (2021); and then citing *Lippolis*, 143 T.C. at 400).

The Commissioner has taken up that suggestion. He now seeks summary judgment on the ground that the proceeds in dispute do not meet the $2 million statutory threshold, thus precluding any further review in this Court.

Ms. McCrory opposes the Commissioner's Motion for Summary Judgment and has countered with her own Motion for Partial Summary Judgment, in which she alleges the Internal Revenue Service's (IRS) Whistleblower Office (WBO) abused its discretion in determining her award.

Having reviewed both Motions, we conclude that the proceeds in dispute did not meet the threshold under section 7623(b)(5)(B) and the Commissioner is entitled to judgment as a matter of law. We will therefore grant his Motion and deny Ms. McCrory's.

*Background*

The following facts are drawn from the parties' pleadings, the parties' Motion papers, and the Declarations and Exhibits attached thereto. These facts are stated solely for the purpose of ruling on the Motions before us and not as findings of fact in this case.[2] *See Whistleblower 769-16W v. Commissioner*, 152 T.C. 172, 173 (2019).

In 2018, Ms. McCrory filed with the WBO seven Forms 211, Application for Award for Original Information, related to seven separate taxpayers. Ms. McCrory based each of the seven claims on publicly available information about settlement or arbitration awards that may have been received by the target taxpayers, but not reported on their returns as taxable income. The WBO assigned a claim number to each of the seven Forms 211 (2018-012740, 2018-012741, 2018-012742, 2018-012743, 2018-012744, 2018-012745, and 2018-012746), but processed them together as one consolidated claim.[3] For one of the claim numbers (2018-012745), Ms. McCrory alleged that the target

---

[2] The facts set forth here are essentially the same as those from our prior opinion in this case. *See McCrory*, T.C. Memo. 2023-98, at *3–4. Given their brevity, we repeat them for the convenience of the reader.

[3] In the Commissioner's May 1, 2023, Response to the Court's Order served on March 30, 2023, the Commissioner stated that "[t]he Whistleblower Office processed [Ms. McCrory's] submission as one claim comprised of seven different claim numbers."

[*3] taxpayer may have failed to report an arbitration award of approximately $442,000. For a second (2018-012746), Ms. McCrory alleged that the target taxpayer may have failed to report an award of approximately $3 million.

With respect to five of the claim numbers (2018-012740, 2018-012741, 2018-012742, 2018-012743, and 2018-012744), the IRS took no action based on Ms. McCrory's information because the allegations were not specific, were not credible, or were speculative, or because the classifier could not identify the target. With respect to the sixth claim number (2018-012746), a revenue agent surveyed the target's return, determined that the target was in compliance, and took no further action.[4] The remaining claim number (2018-012745) prompted the IRS to audit a target's return and, ultimately, to determine approximately $293,000 in total adjustments, resulting in a tax deficiency, plus penalty and interest, of nearly $180,000.

On June 14, 2022, the WBO issued to Ms. McCrory a Final Award Decision Under Section 7623(a) (Decision Letter). The Decision Letter listed all seven claim numbers in the "Re:" line and stated that "[the WBO] has made a final decision that you are entitled to an award of $1,694.31." The Decision Letter did not identify which claim numbers the award related to, but explained the award computation in an attached Determination Report. The Report, also listing all seven claim numbers, stated that the "[f]inal tax, penalties, interest, and other amounts collected based on information provided by Whistleblower" were "$179,672.20" and that the recommended award percentage was 1%, subject to a modest reduction under the Budget Control Act of 2011, Pub. L. No. 112-25, §§ 101–103, 125 Stat. 240, 241–46, as amended by the American Taxpayer Relief Act of 2012, Pub. L. No. 112-240, § 901, 126 Stat. 2313, 2370. The Report cited section 7623(b)(2) to justify the amount of the award and did not analyze the claim numbers individually.

Ms. McCrory timely filed the Petition to commence this case. In the Answer, the Commissioner affirmatively alleged that "the proceeds in dispute [are] below the threshold $2,000,000.00 required for a [mandatory award under] section 7623(b)." Ms. McCrory filed a Reply, but did not allege that the monetary threshold of section 7623(b)(5)(B) has been satisfied.

---

[4] As a result, no audit or examination ensued, and no proceeds were collected.

[*4]    On February 13, 2024, the Commissioner moved for summary judgment.  On March 6, 2024, Ms. McCrory filed her own Motion for Partial Summary Judgment and an Opposition to the Commissioner's Motion for Summary Judgment.

*Discussion*

I.    *Summary Judgment Standard in Whistleblower Cases*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  *See Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988).  Under Rule 121(a)(2), which articulates the general standard for evaluating a summary judgment motion, we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  However, the nonmoving party may not rest upon mere allegations or denials in his pleadings, but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); *see also Sundstrand Corp.*, 98 T.C. at 520.

We have recognized in other whistleblower cases that the usual standard for summary judgment "is not generally apt" when reviewing whistleblower award determinations because, in such a case, there is no trial on the merits.  *Van Bemmelen v. Commissioner*, 155 T.C. 64, 78–79 (2020).  In such cases, where we review agency action under the Administrative Procedure Act, we generally "confine ourselves to the administrative record to decide whether there has been an abuse of discretion."  *Id.* at 78.

Our Rules recognize this distinction, clarifying that in cases in which judicial review is based solely on the administrative record, Rule 121(a)(2) does not apply, and the parties must provide "statement[s] of facts with references to the administrative record."  Rule 121(j).  In this context, summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record, or whether the WBO's determination was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Van Bemmelen*, 155 T.C. at 72 (quoting *Kasper v. Commissioner*, 150 T.C. 8, 21 (2018)).  In conducting this analysis, we do not substitute our judgment for that of the agency, but instead confine ourselves to ensuring that its determination was "within the bounds of reasoned decisionmaking."  *Id.* (quoting *Dep't of Com. v. New*

**[\*5]** *York*, 139 S. Ct. 2551, 2569 (2019)).  With respect to factual matters, this includes accepting the agency's determinations so long as they are not clearly erroneous.  *See Kasper*, 150 T.C. at 23 (citing *Fargo v. Commissioner*, 447 F.3d 706, 709 (9th Cir. 2006), *aff'g* T.C. Memo. 2004-13).

The Commissioner argues that, in determining whether the monetary threshold of section 7623(b)(5)(B) is met, we should apply the ordinary summary judgment standard rather than the standard we articulated in *Van Bemmelen*.  Because the outcome here would be the same under either standard, we need not address the Commissioner's argument.

II.   *Applicable Law*

Section 7623 provides for awards to individuals (commonly referred to as whistleblowers) who submit information to the Government about third parties who have underpaid their taxes or otherwise violated the internal revenue laws.   Section 7623(a) authorizes discretionary payments in certain circumstances, while section 7623(b) provides for nondiscretionary (i.e., mandatory) awards.[5]

This Court may review mandatory award determinations made under section 7623(b).  *See* I.R.C. § 7623(b)(4).  But generally we may not review discretionary payments properly made under section 7623(a). This is so because our authority to review whistleblower awards comes from section 7623(b)(4).  That section provides:

---

[5] As relevant for our discussion, section 7623(b) provides:

> Sec. 7623(b). Awards to whistleblowers.—
>
>> (1) In general.—If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the proceeds collected as a result of the action (including any related actions) or from any settlement in response to such action (determined without regard to whether such proceeds are available to the Secretary). The determination of the amount of such award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action.

Paragraphs (2) and (3) then provide specific rules for the computation of mandatory awards in certain circumstances.

**[\*6]**  (4) Appeal of award determination.—Any determination regarding an award under paragraph (1), (2), or (3) [of section 7623(b)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

Section 7623(b)(5), in turn, provides:

(5) Application of this subsection.—This subsection [that is, subsection 7623(b), which authorizes mandatory awards under paragraphs (1), (2), and (3), in the first place, and which includes the authorization for this Court's review of those awards under paragraph (4)] shall apply with respect to any action—

(A) against any taxpayer, but in the case of any individual, only if such individual's gross income exceeds $200,000 for any taxable year subject to such action, and

(B) if the proceeds in dispute exceed $2,000,000.

Putting all of this together and simplifying to some degree, we see that (as relevant here) for a whistleblower to receive an award under section 7623(b) at least two conditions must be satisfied. First, the IRS must "proceed[] with any administrative or judicial action" against a target taxpayer based on information brought by the whistleblower. I.R.C. § 7623(b)(1); *see also Li v. Commissioner*, 22 F.4th 1014, 1016 (D.C. Cir. 2022), *cert. denied*, 143 S. Ct. 372 (2022). And, second, the monetary thresholds of section 7623(b)(5) must be met. *See Smith v. Commissioner*, 148 T.C. 449, 461 (2017) (explaining that the $200,000 threshold applies to individuals and the $2 million threshold applies to all taxpayers). The Commissioner's Motion addresses the latter requirement.

For purposes of section 7623, including the monetary threshold of section 7623(b)(5)(B), "proceeds" include:

(1) penalties, interest, additions to tax, and additional amounts provided under the internal revenue laws, and

(2) any proceeds arising from laws for which the Internal Revenue Service is authorized to administer, enforce, or investigate, including—

**[\*7]**          (A) criminal fines and civil forfeitures, and
                  (B) violations of reporting requirements.

I.R.C. § 7623(c).  Treasury Regulation § 301.7623-2(e)(2)(i) considers the amount in dispute as "the greater of the maximum total of tax, penalties, interest, additions to tax, and additional amounts that resulted from the action(s) with which the IRS proceeded based on the information provided, or the maximum total of such amounts that were stated in formal positions taken by the IRS in the action(s)."[6]  *See also Smith*, 148 T.C. at 461–62.  In *Smith*, this Court held that the term "amounts in dispute" under the prior version of section 7623(b)(5)(B) meant the total amount of the liability the IRS proposed with respect to a taxpayer's examination that was commenced using the information provided by a whistleblower and not just the part of collected proceeds attributable to the whistleblower or specific allegations.  *See Smith*, 148 T.C. at 461–63.

Finally, as we observed in *Lippolis*, "[a]n affirmative defense is an 'assertion of facts and arguments that, if true, will defeat the * * * [cause of action], even if all the allegations in the complaint are true.'"  *Lippolis*, 143 T.C. at 398 (quoting *Affirmative Defense, Black's Law Dictionary* (9th ed. 2009)).  The Commissioner bears the burden of proof with respect to any defense raised in the Answer.  *See* Rule 142(a)(1); *Lippolis*, 143 T.C. at 400.

III.     *The Proceeds in Dispute*

The record in this case clearly shows that the proceeds in dispute do not meet the $2 million threshold for a mandatory award under section 7623(b).  Of the seven claims that Ms. McCrory filed, the IRS commenced an audit against only one of the named targets (claim number 2018-012745).  Ms. McCrory had alleged that the target may have not reported income from a $442,000 arbitration award on the target's tax return.  The IRS ultimately confirmed Ms. McCrory's claim in part and adjusted the target's income by approximately $293,000, resulting in a total tax deficiency, plus penalty and interest, of

---

[6] Treasury Regulation § 301.7623-2 was originally promulgated in 2014 and included the definition of "amount in dispute" found there currently.  *See* T.D. 9687, 2014-36 I.R.B. 486, 511, 79 Fed. Reg. 47246, 47268 (Aug. 12, 2014).  Congress did not define the term "proceeds" in section 7623 until 2018.  *See* Bipartisan Budget Act of 2018, Pub. L. No. 115-123, div. D., Tit. II, § 41108(a), 132 Stat. 64, 158.  And the statute does not define the term "proceeds in dispute."

[*8] approximately $180,000. No matter how we count these amounts, they all fall far short of the $2 million threshold.

With respect to five of the six remaining claim numbers (2018-012740, 2018-012741, 2018-012742, 2018-012743, and 2018-012744), the IRS took no action whatsoever, so no proceeds were collected, and the IRS placed no proceeds in dispute in formal positions or otherwise. So these claim numbers cannot contribute to the "proceeds in dispute" computation regardless of how one looks at the facts.

The same is true with respect to the last claim number (2018-012746). For that target, a revenue agent surveyed the target's return, concluded that the target was in compliance, and took no further action. Again, no proceeds were collected, and the IRS placed no proceeds in dispute in an action against a taxpayer.

Ms. McCrory alleged in her claim that this target may have failed to report income of as much as $3 million. If that were true, we might envision a case in which the IRS asserted that the target owed more than $2 million with respect to that income. But that did not happen here, and the term "proceeds in dispute" does not refer simply to the amount the whistleblower alleges might have been underpaid. Rather, the proceeds must actually be disputed in an IRS action against a target taxpayer. *See* I.R.C. § 7623(b)(5) (providing that subsection (b) applies with respect to "any *action . . . against any taxpayer*" in which, in relevant part, the proceeds in dispute exceed $2 million (emphasis added)); *see also Smith*, 148 T.C. at 461–63. More than a mere allegation of underpayment by the whistleblower is required. And the regulations, although they expand the inquiry to include not just amounts actually collected, but also "the maximum total of such amounts that were stated in formal positions taken by the IRS in the action(s)," still focus on positions the IRS actually took, not just positions the whistleblower suggested. Because the IRS did not take further action on this claim after surveying it, what Ms. McCrory alleged about the potential proceeds that might have been in dispute if the IRS had acted differently does not change the conclusion.

In short, we are convinced that the proceeds in dispute in this case did not meet the threshold under section 7623(b)(5)(B), and the Commissioner is entitled to summary judgment as a matter of law on that point. In view of this conclusion, we can go no further. Section 7623(b)(5) makes clear that application of section 7623(b) is conditioned on the satisfaction of the statutory thresholds. When one of

[*9] those thresholds is not met, the rest of section 7623(b) does not "apply." I.R.C. § 7623(b)(5). And because section 7623(b) does not apply, there can be no award under paragraph (1), (2), or (3) of section 7623(b) that we might review under paragraph (4). *See* I.R.C. § 7623(b)(4). The Commissioner's Motion must therefore be granted.

IV.     *Ms. McCrory's Other Arguments*

Ms. McCrory does not dispute the amount of proceeds the Commissioner actually collected. And the additional arguments she makes do not affect our conclusion, as we now explain.

Ms. McCrory argues that the Commissioner's own regulations require him to apply the same rules and procedures to determine discretionary whistleblower awards under section 7623(a) and mandatory awards under section 7623(b) and that he applied those rules and procedures incorrectly in calculating her award. But the gating issue before us (whether the Commissioner is entitled to the affirmative defense he has asserted) is whether one of the monetary thresholds of section 7623(b)(5)(B) has been satisfied. If it has not been, then the Commissioner is entitled to summary judgment under the statute without regard to the merit of Ms. McCrory's arguments about the regulations and how those regulations might apply to discretionary awards under section 7623(a).

As an illustration, consider another common affirmative defense in the tax area: the expiration of the limitations period. When a taxpayer asserts that a deficiency determination was made after the expiration of the limitations period, we generally consider first whether the defense is viable. If it is (that is, if the taxpayer demonstrates that a notice of deficiency was issued after the expiration of the limitations period), then that is the end of the case. It does not matter that the Commissioner's position on the merits might be entirely correct. The Court simply does not reach that aspect of the case.

So too here. Once we have concluded that the monetary threshold of section 7623(b)(5)(B) is not met, our review is at an end. We do not go on to review the WBO's determinations with respect to the discretionary award it made.

Ms. McCrory also argues that the Commissioner has never computed the proceeds in dispute, relying instead on the proceeds he actually collected. As we have discussed, Ms. McCrory is correct that, under the Commissioner's regulations, the proceeds in dispute may

**[\*10]** exceed collected proceeds in certain cases. *See* Treas. Reg. § 301.7623-2(e)(2)(i). But with respect to the only IRS action in this case, even the total amount of *income* that Ms. McCrory alleged may have been unreported (not the tax, interest, penalties, etc.) was only $442,000, nowhere close to the $2 million threshold. So, Ms. McCrory's argument does her no good.

Finally, Ms. McCrory suggests that the IRS mishandled its review of the target subject to claim number 2018-012746, pointing out that the amount of the settlement the target received (and that she thinks may have been underreported) was significant and that, for a variety of reasons, the IRS was wrong not to audit the target. According to Ms. McCrory, the agents reviewing this claim might have given inconsistent explanations for their decision not to proceed further. But that does not change the hard fact that the IRS did not proceed further against this target. And therefore the IRS placed no proceeds in dispute with respect to this target. In this context, the "why" does not matter. Only the "what" (i.e., what the IRS actually did) does. Moreover, as we have repeatedly said, we have no authority to order that the IRS audit a target or to question its decision to forgo an audit. *See Van Bemmelen*, 155 T.C. at 84 (citing *Cline v. Commissioner*, T.C. Memo. 2020-35, at \*15).

V. *Conclusion*

For the reasons discussed above, we will grant the Commissioner's Motion for Summary Judgment and deny Ms. McCrory's Motion for Partial Summary Judgment.

To reflect the foregoing,

*An appropriate order and decision will be entered.*